(39 Misc. Rep. 136.)

### In re THOMAS' ESTATE.

(Surrogate's Court, New York County. October, 1902.)

1. TRANSFER TAX—PROPERTY OF NONRESIDENT—POWER OF APPOINTMENT.

A nonresident testator, whose property was wholly without the state, left certain property in trust for his daughter for life, with power to appoint the remainder after the trust. The trustee was a resident. Thereafter the daughter, then a resident of the state, executed this power by will. *Held,* that such exercise did not come within Laws 1896, c. 908, art. 10, § 220, subd. 5, as amended in 1897, providing that, when any person shall exercise a power of appointment, it, when made, shall be deemed a taxable transfer, under the provisions of the act, where the property had been wholly without the jurisdiction, and had been controlled entirely by the laws of the foreign state.

In the matter of the estate of Cordelia P. Thomas, deceased. From an order assessing a transfer tax, the executor and others appeal. Appeal sustained.

Oudin & Oakley, for appellants.
Edward H. Fallows, for state comptroller.

THOMAS, S. By the will of Edwin L. Parker, the father of the decedent, and a resident of Baltimore county, in the state of Maryland, made and proved in Maryland in 1868, he devised and bequeathed one-half of his residuary estate to three trustees, then and at all times thereafter residents of the state of Maryland, upon a trust to keep the same invested, and pay the income to the decedent during her life, and after her death to "pay or transfer the same in such manner as she, by her last will and testament, whether married or unmarried, may direct, and, in default of such last will and testament, to such person or persons as by the laws of Maryland may be entitled to the same as her heirs." The decedent married, and died on January 17, 1902, being then a resident of the county of New York. She left a will by which she appointed six legacies, of $1,000 each, to be paid out of her father's estate to nephews and nieces; and all of the balance of her individual estate and of the interest in her father's estate, subject to her power of appointment, she gave and appointed to her husband. This will was admitted to probate here,

and was subsequently treated by the circuit court of Baltimore city as a valid execution of the power of appointment contained in her father's will, by the making of a decree that the trustees under the will of her father pay over the fund in their hands to her appointees. This decree was carried out, and under it assets appraised as being of the value of $76,018.19 were transferred. All of the assets were from the time of the death of the father in the state of Maryland, and remained in that state until delivered by the trustees under this final decree. The individual property of the decedent was of the value of $6,176.23, and passed to her husband. The appraiser appointed in a proceeding to assess the transfer tax included in his appraisal the amount of the fund passing from the trustees of the father's estate, and an order was made confirming his report, and fixing the tax accordingly. The executor of the will of the decedent and all the persons charged with the tax now appeal from that order.

The provision of law under which the appraiser acted is subdivision 5, § 220, art. 10, of the tax law (Laws 1896, c. 908), as amended by chapter 284 of the Laws of 1897, which is as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment, when made, shall be deemed a taxable transfer under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will."

The will of Mr. Parker is certainly included in the phrase "any disposition of property," and the power of appointment was derived from it. A strictly literal construction of the statute would require the imposition of the tax, but I cannot think that the legislature intended such a result, as applied to the facts of the present case; and I am of opinion that, if it did, the statute cannot be enforced. In all of the cases it is quite clearly asserted that the tax is one, not upon property, but upon transfers of property made by will or descent, where the right to make or receive such transfers is accorded by the laws of this state, and which right the sovereign power of this state may lawfully abridge by the amount of the tax. It was upon this ground that the provision of law now under consideration was determined to be constitutional. In re Vanderbilt's Estate, 50 App. Div. 246, 252, 63 N. Y. Supp. 1079, affirmed in 163 N. Y. 597, 57 N. E. 1127; In re Dows' Estate, 167 N. Y. 231, 60 N. E. 439, 52 L. R. A. 433.

In the present case no transfer of any kind of any part of the assets of the estate of Edwin L. Parker, in the hands of his trustees at the time of the death of his daughter, has been effected or permitted by any law of the state of New York. All of those assets were in the state of Maryland, held by trustees residing in Maryland, under a will of a citizen of Maryland, pursuant to the laws of that state. It is true that the will of the decedent which effected the appointment was executed here, but it derived none of its force or validity from our law. Its legal effect depended entirely upon the law of Maryland, and, if its probate in this state was necessary or useful for any purpose,

it was only because the law of the state of Maryland so declared. Blount v. Walker, 28 S. C. 545, 6 S. E. 558; Olivet v. Whitworth, 82 Md. 258, 33 Atl. 723; Betts v. Betts, 4 Abb. N. C. 317, 388, 389. The power to impose conditions or to affix a tax upon the transfers effected by the power of appointment, and its due execution, rested exclusively with the state of Maryland, since that state accorded every right asserted by the parties. The property which belonged to the decedent, and which passed as hers, under our laws, was less than $10,000. It was bequeathed to her husband, and the transfer is exempt from tax. The appeal is sustained.

Appeal sustained.