JENKS, J. This is a writ of certiorari to review the proceedings of the state civil service commission, granted on the petition of the sheriff of Kings county, informing the court that the commission had placed the positions of assistant deputy sheriffs, keepers of jail, van drivers, and matrons in the classified or competitive class of the state civil service. The commissioners return that they "deny that they at any time placed the positions involved herein, namely, those of assistant deputy sheriff, keeper of the jail, van driver, and matron in the office of sheriff of Kings county in the competitive class." Section 2134 of the Code of Civil Procedure prescribes that there must be made "a return, with a transcript annexed, and certified  *  *  *  of the record of proceedings, and a statement of the other matters, specified in and required by the writ." We cannot look back of such a return into the petition and the accompanying papers. People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298. The learned and able Attorney General says that the return was made by his predecessor, and, in effect, as it seems as matter of fact that the positions are in the competitive class, he must conjecture that the return is based upon one of two technical points, though he ventures no further. We are urged by him to accept his concession that, in effect, the return is not in accord with the facts. Although his spirit of concession is entirely commendable, yet I think the court should not proceed, when it must do so upon the concession that the return is not true, in that it is not consistent with matters of fact. I think, under the circumstances, we should order a further return, under the authority of section 2135 of the Code of Civil Procedure as construed in People ex rel. P. P. Co. v. Martin, 142 N. Y. 228, 36 N. E. 885, 40 Am. St. Rep. 592, and People ex rel. Miller v. Wurster, supra. All concur.

---

### In re HULL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

TAXATION—TRANSFER TAX—SITUATION OF PROPERTY.

    Laws 1896, p. 868, c. 908, § 220, subd. 5, as amended by Laws 1897, p. 150, c. 284, § 2, provides that whenever any person shall exercise a power of appointment derived from any disposition of property, the appointment shall be deemed a transfer, taxable under the statute. *Held* that, where a resident of the state gave a power of appointment by her will, and the appointee, also a resident of the state, exercised the appointment by will, the beneficiary was liable under the transfer tax law, though the property involved was situated without the state.

Appeal from Surrogate's Court, Westchester County.

Judicial proceedings on the appraisal under the transfer tax law of the estate of Wager J. Hull, deceased. From the decree (96 N. Y. Supp. 93), the Comptroller of the state appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, and GAYNOR, JJ.

Frank M. Buck, for appellant.

Albert Ritchie (Joseph M. Middlebrook, on the brief), for respondent.

WOODWARD, J. Caroline C. Hull departed this life in January, 1874. At the time of her death she was a resident of the county of New York. She left a last will and testament, which was duly admitted to probate in the county of her residence, and was subsequently, and on the 28th day of March, 1874, filed in Camden county, N. J., where she owned certain real estate. By the terms of her will the said Caroline C. Hull bequeathed to her son, Wager J. Hull, the income of four-thirteenths of her estate for his use during his life, with a power of appointment as to the principal of said fund, the same to be carried into effect by him either in his last will and testament, or any instrument executed by him in the presence of two witnesses or more. At the death of said Caroline C. Hull, the said four-thirteenths of her estate consisted of an undivided interest in real estate belonging to her father, Richard M. Cooper, a resident of the state of New Jersey, but for a long time subsequent to her death the said four-thirteenths of her estate had been converted into cash, and had remained in that form, or had been invested in bonds and mortgages on property in New Jersey. The said Wager J. Hull died a resident of the county of Westchester on the 5th day of April, 1902, leaving a last will and testament, which was duly admitted to probate in said county on the 14th day of May, 1902. By the terms of this will the said Wager J. Hull exercised the power of appointment conferred upon him by the will of his mother, the said Caroline C. Hull, and gave the fund above mentioned to his wife, Ida M. Hull, absolutely and forever; she being also a resident of the county of Westchester. Pursuant to said power of appointment, the trustees of the said fund in Camden county, N. J., paid to Ida M. Hull, between the 9th day of September, 1902, and the 5th day of May, 1904, the sum of $26,537, the proceeds of said interest, as above set forth, so that it appears that the said Ida M. Hull has received this sum of money through a power of appointment made in the will of the said Caroline C. Hull, a resident of the state of New York. On the 2d day of June, 1902, Charles H. Lovett was appointed transfer tax appraiser in this matter, and after taking testimony filed his report with the surrogate of Westchester county on the 21st day of February, 1905, where he found that the fund above mentioned was taxable against Ida M. Hull, the sole beneficiary, at 1 per cent. This report was confirmed in a decree in the usual form, and subsequently, and on the 17th day of April, 1905, an appeal having been taken by the executrix from the report of said appraiser and the decree entered thereon to the surrogate of Westchester county, the same was reversed, and the Comptroller of the state of New York appeals from this decree of the surrogate.

We are of opinion that the learned surrogate has fallen into error in reversing the original decree in this matter, due to the confusion of the question by an entirely irrelevant detail in relation to the situs of the property which passed to the said Ida M. Hull. The question is not where the property was located, or whether it was real estate or personal property, but whether the beneficiary came into its possession through the exercise of a privilege conferred by the state of New York. The statute (chapter 980, p. 868, § 220, subd. 5, of the Laws of 1896, as amended by chapter 284, p. 150, § 2, of the Laws of 1897) provides that:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will," etc.

It is not the property which is the subject of taxation; it is the right or privilege which the state confers upon citizens of this state to dispose of property by will. As was said in Matter of Estate of Swift, 137 N. Y. 77, 85, 32 N. E. 1096, 18 L. R. A. 709, after reviewing the authorities:

"The proposition which suggests itself from reasoning, as from authority, is that the basis of the power to tax is the fact of an actual dominion over the subject of taxation at the time the tax is to be imposed."

If the subject of the taxation, whether that be property of a tangible nature or a privilege conferred by the state, is within the jurisdiction or dominion of the Legislature, then it is for that body to determine the question of taxation. In the statute now under consideration the state has enacted that, as a condition of exercising a power of appointment, it shall be "deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power."

In Matter of Dows' Estate, 167 N. Y. 227, 231, 60 N. E. 439, 441, 52 L. R. A. 433, 88 Am. St. Rep. 508, the court, after calling attention to certain cases decided in the United States Supreme Court, say:

"But whatever be the technical source of title of a grantee under a power of appointment, it cannot be denied that in reality and substance it is the execution of the power that gives to the grantee the property passing under it. The will of Dows, Sr., gave his son a power of appointment to be exercised only in a particular manner, to wit, by last will and testament. If, as said by the Supreme Court of the United States, the right to take property by devise is not an inherent or natural right, but a privilege accorded by the state, which it may tax or charge for, it follows that the right of a testator to make a will or testamentary instrument is equally a privilege, and equally subject to the taxing power of the state. When David Dows, Sr., devised his property to the appointees under the will of his son, he necessarily subjected it to the charge that the state might impose on the privilege accorded to the son of making a will. The charge is the same in character as if it had been laid on the inheritance of the estate of the son himself; that is, for the privilege of succeeding to property under a will."

See Matter of Lansing's Estate, 182 N. Y. 238, 244, 74 N. E. 882, and authorities there cited.

It being the privilege upon the right to succession to property by means of a will that is taxed, and the subject of the litigation being within the jurisdiction of the state, it seems clear that the beneficiary under the power of appointment contained in the will of Caroline C. Hull, a resident of this state, upon the exercise of that power by Wager J. Hull, likewise a resident of this state, is bound to pay the tax imposed upon that privilege, regardless of the question of where the property to which the power related was located. Ida M. Hull gets all of her rights in and to the property by reason of the exercise of the power (a privilege granted by the state of New York), and she may not be relieved from that obligation because of the fact that the prop-

erty itself was without the jurisdiction of the state at the time the power was exercised. That is an entirely irrelevant matter.

The decree appealed from should be reversed, and the original decree should be reinstated and confirmed, with costs and disbursements of this appeal. All concur.