(Surrogate's Court, New York County. December, 1909.)

TAXATION (§ 868*)—TRANSFER TAX—PROPERTY SUBJECT.
   Where a transfer of property is effected by the exercise by a resident of the state of New Jersey of a power of appointment created under the will of a resident of New York who died in 1886, only the transfer of property located in New York. is taxable.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1685, 1686; Dec. Dig. § 868.*]

In the matter of the estate of Caroline M. Kissel, deceased. From an order fixing transfer tax, the executors appeal. Reversed and remitted.

Lewis E. Carr, Jr., for comptroller.
Lord, Day & Lord, for executors.

COHALAN, S. The decedent was a resident of New Jersey. Her will was proved in that state, and the executors of her estate were duly appointed by the courts of that state. David P. Morgan, the father of decedent, died in 1886, a resident of New York county. Under his will a power of appointment over a certain trust fund was given to the decedent, Caroline M. Kissel. She exercised the power in favor of her husband and other beneficiaries of the class limited by the provisions of the will creating the power. The securities constituting the trust fund were located in New Jersey at the date of decedent's death. They consisted of bonds and stock of foreign and domestic corporations. The appraiser designated to appraise the estate of the decedent for the purposes of the transfer tax act included in his appraisal of the assets of the estate all the securities constituting the trust over which the decedent had the power of appointment. The executors appeal, upon the ground that the only part of the trust fund taxable in this proceeding is that portion of it invested in stocks of domestic corporations.

As David P. Morgan, the grantor of the power, died in 1886, and limited the disposition of his estate to beneficiaries of the 1 per cent. class, the trust fund above referred to was not taxable under the law as it existed at that time. Laws 1885, c. 483, § 1. Therefore the state of New York had no lien upon the property, and the trustees had the right to remove it out of the state or to invest it in the securities of foreign corporations. The exercise of a power of appoint-

ment was first made taxable by subdivision 5 of section 220 of the transfer tax act of 1897 (Laws 1897, c. 284). Prior to the passage of that act, property passing by virtue of a power of appointment was not taxable, unless it would be taxable if transferred directly from the grantor of the power of appointment under the power. Matter of Harbeck, 161 N. Y. 211, 55 N. E. 850. If the property passed directly from David P. Morgan to the beneficiaries mentioned in the will of the decedent herein, no tax whatever would accrue to the state of New York. It is the transfer of property effected by the exercise of the power of appointment that is taxable, and it is the exercise of the power, and not its creation, which effects the taxable transfer. Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825. As was said in Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508:

"Whatever may be the technical source of title of a grantee under the power of appointment, it cannot be denied that in reality and substance it is the execution of the power that gives to the grantee the property passing under it."

For the purpose of the transfer tax law the execution of the power is deemed the source of title of the appointees. Chanler v. Kelsey, 205 U. S. 466, 27 Sup. Ct. 550, 51 L. Ed. 882; Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279. The basis of the power to tax is the fact of actual dominion over the subject of taxation at the time the tax is to be imposed (Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709); but the subject of taxation may be either property of a tangible nature or a privilege conferred by statute (Matter of Hull, 111 App. Div. 322, 97 N. Y. Supp. 701). Therefore the right of the state to tax is limited to where it has actual dominion or jurisdiction over the property transferred, or of such privilege; and an instance or example of such privilege is the permission granted by the state to the appointee under a power of appointment to take property by virtue of the exercise of the power. The state says that as a condition of permitting the exercise of a power of appointment it shall be deemed a transfer, taxable under the provisions of the transfer tax act, in the same manner as if the property to which such appointment relates belonged absolutely to the donee of the power. Transfer Tax Act, § 220, subd. 5.

But, as the power of appointment given to the decedent herein was exercised by her while a resident of the state of New Jersey, and was consummated by the probate of her will under the laws of the state of New Jersey, the general privilege of permitting all the property included within the power to pass to the beneficiaries appointed by the decedent was a privilege granted by the state of New Jersey, and not by the state of New York. The only privilege granted by the state of New York was to permit the transfer of the property located in New York to pass to the appointees in accordance with the provisions of the will probated in New Jersey. Therefore the jurisdiction of the state of New York to tax the transfer of property passing under the will of the decedent is limited to the property situated in this state at the time of her death. Matter of Hull, 111 App. Div. 322, 97 N. Y. Supp. 701,

affirmed 186 N. Y. 586, 79 N. E. 1107; Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825, affirmed 176 N Y. 570; 68 N. E. 1118; Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508.

The order fixing tax should be reversed, and the report of the appraiser remitted to him for the purpose of excluding from his appraisal all stocks of foreign corporations and all bonds located outside of the state at the date of decedent's death.

Decreed accordingly.