FRANCIS PEABODY, JR., & another, executors, *vs.* TREASURER AND RECEIVER GENERAL & others.

Suffolk.    March 19, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Tax,* On successions.    *Words,* "Within the jurisdiction of the Commonwealth."

Shares of an unincorporated real estate trust which includes both real and personal property are subject to the succession tax imposed by St. 1907, c. 563, § 1, as "property within the jurisdiction of the Commonwealth," although the holder of the shares at the time of his death had his domicil in another State and the certificates representing his shares were in a third State, and although the instrument creating the trust states that the shares are to be personal property as to title and are to be held, bequeathed, assigned and distributed as personal estate, if all the property of the trust, its place of business, all its books and the domicil of all the trustees are in this Commonwealth, where only shares can be transferred, and if the instrument creating the trust places the legal title to the property in the trustees with control over it, subject to a limited direction on the part of the shareholders, and with power in the trustees to hold and manage both real estate and personal property and to distribute net earnings among the shareholders, but no power to bind the shareholders personally.

PETITION, filed in the Probate Court on January 30, 1911, by the executors of the will of Henry Belknap, late of Shelter Island in the State of New York, for instructions as to whether they should pay a succession tax on certain shares in the Terminal Hotel Trust, the Hotel Somerset Trust, the Conservatory Apartments Trust, the Devonshire Building Trust and the Claverly Trust, which were owned by the testator at the time of his death and the certificates representing which were at that time in Providence in the State of Rhode Island.

In the Probate Court the case was heard by *George,* J., who ordered that the tax should be paid.  On appeal to this court by certain legatees, the facts were agreed upon and the case was reserved by *De Courcy,* J., for determination by the full court.

The material facts are stated in the opinion.

R. L. *Raymond,* for the petitioners, stated the case.

F. T. *Field,* for the Treasurer and Receiver General.

W. B. *Luther,* for the other respondents.

RUGG, C. J.   This is a petition brought under St. 1909, c. 490, Part IV, § 21, by the executors of the will of a testator who died a resident of New York, for instructions whether certain property of the testator was "within the jurisdiction of the Commonwealth" within the meaning of those words in St. 1907, c. 563, § 1, and thus subject to an inheritance tax.   This petition relates only to certain shares in five different real estate trusts. All the property both real and personal of all the trusts was in this Commonwealth, and all the trustees lived here.   The places of business and books of the trusts were also in Massachusetts, where alone the certificates could be transferred upon surrender and new ones issued in their stead.   It is not necessary for the purposes of this judgment to state in detail the terms of the several trust instruments.   In general the subscribers join for the purpose of purchasing and developing certain real estate and agree to contribute money therefor.   The legal title to all the property of each of the trusts is in the trustees, who have control over the property with power to invest and hold personal property and to distribute net earnings among the shareholders, but no power to bind the shareholders personally.   The trustees are subject to a limited direction on the part· of the shareholders. Two of the trusts contain the further provision that the shares represented by the certificates are to be and remain as to title personal property only, and be held, bequeathed, assigned and distributed as personal estate.

The language of the taxing statute indicates "an intention on the part of the Legislature to tax all property that it has the power to tax.   The statute is as broad as the jurisdiction of the Commonwealth."   Knowlton, C. J., in *Kinney* v. *Treasurer & Receiver General,* 207 Mass. 368, 369.

The nature of the interest held by shareholders under trust agreements similar to those here involved has been before the courts frequently.   In *Kinney* v. *Treasurer & Receiver General,* the legal title to real and personal estate was in the trustees, the interests of the individual contributors to the trust being repre-

sented by deposit books which were assumed to be transferable. The court said "This property was a valuable interest in real estate . . . the legal title to which was held by trustees. The testator held an equitable interest in it. . . . All this property is subject to the tax upon succession prescribed by our law." In *Williams* v. *Boston*, 208 Mass. 497, at 500, it was said: "There is no doubt that . . . [the certificate holders in the trust] are joint owners of the property, for whose joint benefit the business is being carried on." In *Attorney General* v. *New York, New Haven, & Hartford Railroad*, 198 Mass. 413, at 429, it was said that such certificate holders are "equitable tenants in common," and in *Hussey* v. *Arnold*, 185 Mass. 202, at 204, they were referred to as "having equitable interests in the property." In *Howe* v. *Morse*, 174 Mass. 491, at 503, it was said that "the shareholders for the time being have the whole equitable estate in the corpus of the trust." In numerous decisions it has been held that the certificate holders or shareholders in trusts differing in this respect not substantially from the trusts involved in the case at bar were partners and not merely co-owners. *Hoadley* v. *County Commissioners*, 105 Mass. 519. *Gleason* v. *McKay*, 134 Mass. 419. *Phillips* v. *Blatchford*, 137 Mass. 510. *Ricker* v. *American Loan & Trust Co.* 140 Mass. 346. *Taber* v. *Breck*, 192 Mass. 355.

It is not necessary to analyze with greater nicety the precise character of the property interest of a shareholder under each of the trusts. It is true of all of them that their rights are equitable interests in tangible property within this Commonwealth. While the legal title is in the trustees, their ownership is fiduciary, and the certificate holders are the ultimate proprietors of the property, which is held and managed for their benefit, and which must be divided among them at the termination of the trust. Their rights constitute not choses in action but a substantial property right. In this respect the case is indistinguishable in principle from shareholders in a domestic corporation. *Greves* v. *Shaw*, 173 Mass. 205. The fact that the certificates themselves were not within the Commonwealth is an immaterial circumstance. *Kennedy* v. *Hodges*, *ante*, 112.

<div align="right">

*Decree of Probate Court affirmed.*