## STATE ex rel. LYNDON A. SMITH, as Attorney General, v. PROBATE COURT OF COUNTY OF RAMSEY and Another.[1]

February 6, 1914.

Nos. 18,559—(308).

**Inheritance tax — transfer of property — situs of debt.**

Acting under a power of appointment in a will executed by his mother in Kentucky, a testator residing in Minnesota exercised the power in his will, naming his nephews, residents of Tennessee, as the beneficiaries. The property which was the subject of this exercise of the power was indebtedness of corporations and individuals secured by bonds and mortgages which were at the time of the testator's death and for many years had been in the custody of a resident of Kentucky. It is *held:*

(1) It was the exercise of the power of appointment that constituted the transfer of the property, and not its creation.

(2) Under the inheritance tax law of this state, the appointment when made is a taxable transfer, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of the power, and had been bequeathed or devised by the will. Therefore this

[1] Reported in 145 N. W. 390.

Note.—On the question of inheritance or succession tax on property covered by power of appointment in cases of nonresidents, see note in 33 L.R.A.(N.S.) 239, 248. And upon the liability of a debt due from resident to nonresident to succession tax, see note in 4 L.R.A.(N.S.) 953.

As to when debt may have situs for the purpose of taxation apart from domicile of creditor, see notes in 2 L.R.A.(N.S.) 637 and 14 L.R.A.(N.S.) 493.

case is treated as though the testator had actually owned the property, and had bequeathed it to his nephews.

(3) As between debtor and creditor, the situs of a debt is the domicile of the creditor. But he may give it a situs elsewhere, and it may be taxed under the laws of the state where the evidences of indebtedness are deposited. But our statute imposes a tax upon the transfer of the property, and not upon the property itself. The transfer having been made in this state by a resident thereof, is taxable here, although the actual situs of the property was at the time of the testator's death in Kentucky, and although such transfer may be subject to a tax in Kentucky.

Upon the relation of the attorney general, this court issued its writ of certiorari to review an order of the probate court for Ramsey county, Bazille, J., determining the amount of the inheritance tax due to the state from the estate of George S. Heron, deceased. Reversed with directions.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* for relator.

*Charles P. Hall,* for respondent.

. BUNN, J.

Certiorari to review an order of the probate court of Ramsey county determining the amount of inheritance tax to be paid by the legatees of George S. Heron, deceased. The undisputed facts appear from the return of respondents to the writ, and are as follows:

More than 15 years ago Sarah Heron, a resident of Kentucky, died, leaving a will which was probated in that state. By this will, the testatrix gave to her executor in trust for the use and benefit of her two sons, William and George S., the residue of her estate. The trustee was given the management and control of the property, with power to sell and reinvest the proceeds. The income of the trust estate, the testatrix bequeathed to her two sons, to be paid to them equally as it was collected by the trustee. She gave to these sons the right of disposing of by will the entire trust estate. Each was given the right to make his will, disposing of as he might choose one moiety of said trust estate. If both died intestate, the entire trust estate was to descend and be distributed according to the laws of

Kentucky. If one son should die testate and the other intestate, the moiety of the one dying testate was to descend as he should direct by his will, and the remaining moiety should descend and be distributed according to the laws of Kentucky.

William Heron was at the time of his mother's death and still is a resident of the state of Tennessee. George S. Heron was then and until his death a resident of the state of Minnesota, living in St. Paul. The trustee was and still is a resident of Kentucky. George S. Heron died May 10, 1912, leaving real and personal property in Ramsey county. At the time of his death the corpus of the entire trust estate was $104,870.05. It consisted entirely of personal property, bonds and mortgages, all in the possession of the trustee in Kentucky. George S. Heron died testate. After making certain specific bequests, the will gave to the testator's brother William, during his lifetime, one-half of "what would be my share, if living, of the income derived from the estate of my deceased mother." Upon the death of William, the will provided that "my said interest in my said mother's estate shall pass to and be vested in my nephews, Shirley S. Heron and William Edgar Heron * * * sons of my said brother, in equal shares forever." There was a residuary clause in which these nephews were named as beneficiaries, in equal shares.

The question is whether this exercise by George S. Heron of the power of appointment given to him by the will of his mother, was a transfer of property that is taxable under the inheritance tax law of this state. The probate court held that it was not.

Our statute, Laws 1905, p. 427, c. 288, as amended, (G. S. 1913, § 2271) provides in section 1: "A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein or income therefrom in trust or otherwise, to any person * * * in the following cases:

(1) "When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state.

(2) "When a transfer is by will or intestate law of property

within the state or within its jurisdiction, and the decedent was a nonresident of the state at the time of his death."

(3) (Relates to transfers in contemplation of death)

(4) (When tax to be imposed)

(5) "Whenever any person   *   *   *   shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will," etc.

1. George S. Heron by his will clearly exercised the power of appointment created by the will of his mother.   It is the exercise of the power of appointment which effects the transfer, gives the grantee the property, and not its creation.   The language of the statute is that "such appointment when made shall be deemed a transfer."   The authorities are uniform on this point.   Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L.R.A. 433, 88 Am. St. 508; Matter of Fearing, 200 N. Y. 340, 93 N. E. 956; Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L.R.A. 279; Chanler v. Kelsey, 205 U. S. 471, 27 Sup. Ct. 550, 51 L. ed. 882; Attorney General v. Upton, L. R. 1 Ex. 224.

Had the property transferred by this exercise of the power by Heron been real estate in Minnesota, or personal property having its actual situs in the state, there can be no doubt that the transfer would be taxable under our statute.   The statute says that such appointment shall be deemed a transfer taxable under the provisions of the act "in the same manner as though the property to which such appointment relates, belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will." We must treat the case, therefore, as though the bonds, and mortgages which constituted the corpus of the trust estate, though in the actual custody of a nonresident, belonged absolutely to George S. Heron, and he had bequeathed them to his nephews.   Matter of Cooksey, 182 N. Y. 92, 74 N. E. 880; Matter of Fearing, 200 N. Y. 340, 93 N. E. 956.

3. Heron was a resident of Minnesota, and exercised the power of appointment here. Treating the indebtedness evidenced by these securities as the absolute property of Heron, as, under the statute, we must for the purposes of this case, their situs as between the debtor and the creditor was the domicile of the latter. State Tax on Foreign Held Bonds, 15 Wall. 300, 21 L. ed. 179; Matter of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L.R.A. 238, 55 Am. St. 632; Matter of Fearing, 200 N. Y. 340, 93 N. E. 956. It is well settled, however, that in modern times the old rule that the situs of personal property is the domicile of the owner, "has yielded more and more to the *lex situs,* the law of the place where the property is kept and used." Pullman's Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. ed. 613. For the purposes of taxation, the law may separate personal property from the person of its owner, and give it a situs of its own. Tappan v. Merchants National Bank, 19 Wall. 490, 22 L. ed. 189; Savings & Loan Society v. Multnomah County, 169 U. S. 421, 18 Sup. Ct. 392, 42 L. ed. 803; New Orleans v. Stempel, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. ed. 174; Bristol v. Washington County, 177 U. S. 133, 20 Sup. Ct. 585, 44 L. ed. 701; In re Jefferson, 35 Minn. 215, 28 N. W. 256; 2 Notes on Minnesota Cases, 872. As stated by Chief Justice Gilfillan in the Jefferson case, the rule that the domicile of the owner is deemed the situs of his personal property "is not allowed to be controlling in matters of taxation. Thus, corporeal personal property is conceded to be taxable at the place where it is actually situated. A credit, which cannot be regarded as situated in a place merely because the debtor resides there, must usually be considered as having its situs where it is owned,—at the domicile of the creditor. The creditor, however, may give it a business situs elsewhere; as where he places it in the hands of an agent for collection or renewal, with a view to reloaning the money and keeping it invested as a permanent business." In the Bristol case, in which the Jefferson case was upheld and followed, Mr. Chief Justice Fuller said [p. 145]: "Personal property, as this court has declared again and again, may be taxed, either at the domicile of its owner, or at the place where the property is situated, even if the owner is neither a

citizen nor a resident of the state which imposes the tax." It is doubtless true, under these decisions, that the state of Kentucky could and probably has taxed this property, and also that it has not been taxed in Minnesota. And it is probably true, the bonds being deposited in Kentucky, that Kentucky could tax a transfer of the property by its Minnesota owner. Matter of Whiting, 150 N. Y. 27, 44 N. E. 715, 34 L.R.A. 232, 55 Am. St. 640; Matter of Lord, 186 N. Y. 549, 79 N. E. 110; Beers v. Glynn, 211 U. S. 477, 29 Sup. Ct. 186, 53 L. ed. 290. But this is not controlling. The question is whether the transfer in Minnesota by the owner residing in Minnesota, escapes the tax because the evidences of indebtedness are not in the state. Though there can be no suspicion in the instant case of any attempt to evade the inheritance tax law, it is easy to see how an owner of bonds could easily do so, if we held this transfer not taxable. He might deposit his securities in a bank or strong box located in some state or county that had no inheritance tax law, and thus escape the payment of the tax. In Ross on Inheritance Taxation, § 173, the author says: "In a majority of the states, the personal property of a resident decedent is held subject to the inheritance tax law of the state, although actually situated in another state, where it may also be taxed by the statutes of that state. Otherwise stated, personal property within the jurisdiction of a foreign state is subject to the inheritance tax at the place of the decedent's domicile. This is on the theory that the tax imposed upon the transmission of the property is governed by the law of the domicile of the owner." The cases cited by the author fully support the text. Appeal of Gallup, 76 Conn. 617, 57 Atl. 699; Appeal of Hopkins, 77 Conn. 644, 60 Atl. 657; Frothingham v. Shaw, 175 Mass. 59, 55 N. E. 623; McCurdy v. McCurdy, 197 Mass. 248, 83 N. E. 881, 16 L.R.A.(N.S.) 329, 14 Ann. Cas. 859; Matter of Swift, 137 N. Y. 77, 32 N. W. 1096, 18 L.R.A. 709; Estate of Lines, 155 Pa. St. 378, 26 Atl. 728; Estate of Hartman, 70 N. J. Eq. 664, 62 Atl. 560. The Swift case is notable because Judge Gray, who wrote the opinion, argued quite persuasively that the law in reality imposed a tax on the property of the decedent, and not on the transfer, and therefore that the tax was only enforcible as to property

124 M.—33.

which, at the time of its owner's death was within the territorial limits of the state. But the other members of the court were of the contrary opinion, and the decision was that a transfer of personal property by a resident decedent was subject to the tax, whether situated within or without the state. And the cases are quite unanimous in holding to the doctrine that an inheritance tax is not a tax on the property, but a tax on the transfer, or right of succession. State v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L.R.A.(N.S.) 1732, 7 Ann. Cas. 1056. In Appeal of Hopkins, supra, the supreme court of Connecticut, in speaking of the statute of that state, said [p. 652]: "The act is framed in view of the principle that personal property is bequeathed by will and is descendible by inheritance, according to the law of the domicile, and that the disposition, distribution of, and succession to personal property, wherever situated, is to be governed by the laws of that state where the owner had his domicile at the time of his death." The New Jersey court, in Estate of Hartman, supra, holds that the situs of personal property of a testator, for the purposes of the inheritance tax, is his domicile at the time of his death, no matter if its actual situs is in another state. The court observes [p. 667] that the result of its decision would be, in the case before it, "the requirement of the payment of two taxes, of like character, by the same legatees, for the right of succession to the gift of the testatrix," but says that "this unfortunate situation cannot control the determination of the questions presented." So in Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. ed. 439, Mr. Justice Holmes, after saying [p. 204] that no one doubts "that succession to a tangible chattel may be taxed wherever the property is found," though it may also be taxed by the law of the domicile, observes [p. 205] that "it may be regretted, also, that one and the same state should be seen taxing on the one hand according to the fact of power, and on the other, at the same time, according to the fiction that, in successions after death, *mobilia sequuntur personam* and domicile governs the whole. But these inconsistencies infringe no rule of constitutional law." We readily agree that it may be regretted that this state should be seen taxing "according to the fact of power" the transfer of personal property

situated within its borders and owned by a nonresident, and at the same time taxing a transfer by a resident of property that has its actual situs in another state, under the fiction of *"mobilia sequuntur personam,"* especially when the same transfers may be taxed under the laws of the state where the decedent had his domicile in the one case, and of the state where the property was situated when he died, in the other. But, as said by Justice Holmes, these inconsistencies infringe no rule of constitutional law. It is for the legislature, and not the courts, to remove these "inconsistencies." We note that the inheritance tax law of Massachusetts provides that property of a resident of the commonwealth which is not therein at the time of his death, is not taxable under the provisions of the act, if it is legally subject in another state or country to a tax of like character and amount.

We are obliged to hold, under the language of our statute, and the decisions referred to, that the transfer by Heron of the bonds and mortgages in Kentucky, was taxable here. The case of Matter of Hull, 111 App. Div. 322, 97 N. Y. Supp. 701, affirmed by the court of appeals in the opinion of the appellate division, 186 N. Y. 586, 79 N. E. 1107, is almost identical in its facts. In so far as Matter of Thomas, 39 Misc. 136, 78 N. Y. Supp. 981, supports the respondent here, it must be considered as overruled by the Hull case.

The order of the probate court of Ramsey county is reversed, with directions to enter an order in accord with this opinion.