GRENVILLE CLARK & others *vs.* TREASURER AND RECEIVER GENERAL.

Suffolk.   January 28, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Tax,* Succession.   *Corporation,* Foreign.

Where one who is the donee of a power of appointment over property, held by trustees under the will of the donor who were appointed by a probate court of this Commonwealth, dies domiciled in another State and exercises that power by making an appointment by will, so much of the trust property as consists of shares of stock of corporations incorporated by States other than this Commonwealth is not subject to a succession tax under St. 1909, c. 490, Part IV, § 1; c. 527, § 8, although the certificates for the shares are in this Commonwealth.

PETITION, filed in the Probate Court for the County of Suffolk on April 18, 1912, by the trustees under the will of Sarah A. Peele, late of Beverly, the administrator with the will annexed of the estate of Mary S. Dwight, late of Dublin, New Hampshire, and the daughter of Mary S. Dwight, to determine whether the whole or any part of property, held by trustees under the will of Sarah A. Peele, which, in the exercise by Mary S. Dwight in her will of a power of appointment, passed to daughters of Mary S. Dwight, was subject to a succession tax under St. 1909, c. 490, Part IV, § 1; c. 527, § 8.

In the Probate Court the petition was heard upon an agreed statement of facts by *Grant,* J.

It appeared that at the time of the death of Mary S. Dwight the trust property was held by three trustees who were appointed by the Probate Court for the County of Essex, two of such trustees being residents of this Commonwealth and one being a resident of the State of New York.  The trust property consisted of stocks and bonds valued at $139,037.14, part of which, valued at $54,-

254.30, were stocks in corporations not organized under the laws of this Commonwealth. All the bonds and the certificates of stock were within this Commonwealth at the time of the death of Mary S. Dwight.

It was agreed that, if the Commonwealth was entitled to a succession tax upon all the trust property over which Mary S. Dwight had the power of appointment, the amount of the tax was $2,488.89. If no such tax should have been assessed upon such part of the property as consisted of shares of stock in foreign corporations, the amount of the tax was $1,441.56.

In the Probate Court, a decree was made that a tax should be assessed upon the entire trust property. The petitioners appealed.

The case was reserved by *Sheldon,* J., for determination by the full court.

*H. R. Brigham,* for the petitioners.

*A. E. Seagrave,* for the respondent.

LORING, J.   The test to be applied to determine whether property passing by the exercise of a power of appointment is or is not subject to an inheritance tax under St. 1909, c. 527, § 8, is this: Would the property in question have been subject to an inheritance tax if it had been the property of the donee of the power and had passed by way of devise or legacy under his will? That may be taken to have been settled by the opinion in *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588, 590.

The test to be applied to determine whether the property of a non-resident is subject to an inheritance tax is whether it is "property within the jurisdiction of the Commonwealth," "corporeal or incorporeal, and [or] any interest therein." St. 1909, c. 527, § 1.   St. 1909, c. 490, Part IV, § 1.

The property here in question consisted of stocks in foreign corporations held by trustees appointed by a Massachusetts Probate Court, and the certificates for these shares of stock in foreign corporations were in fact within the territorial limits of the Commonwealth when the succession took place. The presence within the Commonwealth of certificates of stock in foreign corporations does not make the shares represented by those certificates property "found" within the Commonwealth for the purposes of administration by an ancillary administrator. That was decided in *Kennedy* v. *Hodges,* 215 Mass. 112. That decision, and the reasoning on

which it was founded, are decisive here. The reasoning on which that decision rested was that certificates for shares in the capital stock of a corporation are merely title deeds of the shares, and that the presence within the territorial limits of the Commonwealth of the title deeds of the shares does not bring the shares themselves within the Commonwealth. To the same effect see *In re James,* 144 N. Y. 6, 12. See also *Peabody* v. *Treasurer & Receiver General,* 215 Mass. 129. The case of *In re Kissel's Estate,* 121 N. Y. Supp. 1088, affirmed in 142 App. Div. (N. Y.) 934, is relied on by both parties. In that case the certificates of the foreign corporations were in New Jersey when the donee of the power died and the succession took effect. As we understand the decision it went on the ground that the shares were shares in a foreign corporation and not on the ground that the certificates for the shares were in New Jersey. The other case relied on by the respondent (*In re Fearing,* 200 N. Y. 340) was a decision as to the locality of bonds and does not bear on the question which we have to decide, namely, the locality of shares in a foreign corporation. In connection with *In re Fearing, ubi supra,* see *Wheeler* v. *New York,* 233 U. S. 434.

It follows that the amount of the tax due upon the estate passing under the will of Mary S. Dwight is $1,441.56. The decree of the Probate Court must be modified accordingly and, so modified, affirmed.

*So ordered.*