NEVILLE G. DE B. PRIESTLEY, executor, *vs.* TREASURER AND RECEIVER GENERAL.

Suffolk. March 6, 1918. — May 31, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Tax*, On legacies and successions. *Trust*. *Partnership*, In real estate trust.

Under St. 1909, c. 490, Part IV, § 1, as amended by St. 1916, c. 268, § 1, which imposes a legacy and succession tax on "all real estate within the Commonwealth, or any interest therein, belonging to persons who are not inhabitants of the Commonwealth, which shall pass by will," shares of a real estate trust, the general scheme of which works a conversion of all the property of the trust into personalty as one fund from the outset, are personal property and are not subject to the tax.

Under the same statute, where the deed of trust creating a real estate trust contained no absolute requirement that the property should be sold and the proceeds distributed among the shareholders, and, although the trustees might transfer the property to a corporation if instructed by the shareholders to organize one, they were authorized to sell the property at the expiration of the trust only in default of action relating thereto by the certificate holders, and where the other provisions of the deed of trust created a partnership among the certificate holders, who for convenience had placed the title in trustees as their managing agents, it was *held*, that there had been no equitable conversion of the real property into personalty and that shares of this trust that belonged to a testator who died domiciled in a foreign country were subject to a legacy and succession tax.

The declaration of trust creating the real estate trust first above described, of which the shares were held to be personal property, contained a provision that the

"shares hereunder shall be personal property," and, in regard to the partnership
real estate trust whose shares were held to be real estate, it was *pointed out* that
the deed of trust creating that partnership contained no provision that the shares
should be personal property, "whatever the legal effect of such a clause may be."
If what is desired in order to carry out the purposes of a real estate trust is an or-
ganization with a distinct entity, intermediate between a corporation and a part-
nership or pure trust and with its own rights and obligations, the Legislature
and not the courts must be resorted to. By DE COURCY, J.

PETITION, filed in the Probate Court for the county of Suffolk on
November 9, 1917, under St. 1909, c. 490, Part IV, § 21, by the
executor of the will of Charles Homans Priestley, late of London,
England, who, being domiciled in England, died in France on
September 4, 1916, unmarried and without issue, owning certain
real and personal property in the county of Suffolk in this Com-
monwealth, including six hundred shares in the Homans Real
Estate Trust, one share in the Boston Real Estate Trust and two
and one half shares in the Warren Chambers Trust, which the
petition alleged that the Tax Commissioner, in valuing the real
estate and any interest therein belonging to the petitioner's in-
testate in this Commonwealth at the time of his death for the
purpose of computing the legacy and succession tax to which such
property was subject, had treated as real estate; praying that the
court should determine whether the whole or any part of those
shares ought to be treated as real estate in this Commonwealth or
any interest therein or included in the value of the property on
which a legacy and succession tax should be computed.

The judge of the Probate Court made a decree that none of the
shares mentioned above ought to be treated as real estate in this
Commonwealth or any interest therein belonging to the intestate
and that the said shares or any part thereof were not subject to a
legacy and succession tax in this Commonwealth. The Treasurer
and Receiver General appealed.

On appeal the case was heard by *Braley,* J., who made a final
decree affirming the decree of the Probate Court. The Treasurer
and Receiver General appealed.

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.

*J. L. Thorndike,* (*H. Ware* with him,) for the petitioner.

DE COURCY, J. Charles Homans Priestley died on September 4,
1916, domiciled in England. The petitioner, who is the ancillary
executor of his will, has brought this petition to determine whether

certain shares in trusts of Massachusetts real estate are subject to a legacy and succession tax.

Undoubtedly these shares constitute property within the jurisdiction of the Commonwealth, and would have been taxable to non-residents before the enactment of St. 1912, c. 678. *Peabody v. Treasurer & Receiver General*, 215 Mass. 129. That statute, continued by St. 1916, c. 268, § 1, confined the tax in case of non-resident decedents, to "real estate within the Commonwealth, or any interest therein." If the shares owned by this non-resident decedent constitute real estate or an interest therein they are taxable, but not otherwise.

In the recent case of *Dana v. Treasurer & Receiver General*, 227 Mass. 562, the question arose whether similar shares in the Amoskeag Manufacturing Company and the Boston Ground Rent Trust were real or personal estate or partly each. The beneficial interest in the trust was divided into transferable shares; the real estate and personal property constituted one trust fund, and it was expressly provided that at the termination of the trust the trustees should liquidate the assets and distribute the same among the shareholders,—but there was no provision authorizing the trustees to divide the real property among them. It was held that the real estate was to be considered as converted into personal estate from the beginning, and that consequently the shares were personal property.

As respects the shares in the Homans Real Estate Trust and the share in the Boston Real Estate Trust, the present case cannot be distinguished in principle from the Dana case. The essential facts are similar, and the general scheme of each of these trusts worked a conversion of all the property of the trust into personalty as one fund from the outset. The deceased testator had no interest in the real estate which would go to his heirs, but an interest in the net proceeds of the trust fund, after the sale of all the property. Indeed the Homans Real Estate Trust Agreement expressly provided that "shares hereunder shall be personal property." We are of opinion that these shares, belonging to the estate of a non-resident, and not constituting any interest in real estate, are not subject to a succession tax.

In the trust agreement of the Warren Chambers Trust, however, there is no such imperative requirement that the property shall be

sold, and the proceeds distributed among the shareholders. The trustees may transfer the property to a corporation if instructed by the shareholders to organize one; but they are authorized to sell the property at the expiration of the trust only in default of action relative thereto by the shareholders. The agreement contains no provision that the shares shall be personal property as to title, — whatever the legal effect of such a clause may be. See *Peabody* v. *Treasurer & Receiver General*, 215 Mass. 129, 130. That there was no equitable conversion of this real property into personalty at the creation of the trust, or at the death of the testator, is virtually settled by the decision in the Dana case relating to the Duluth and Gladstone Real Estate Trust.

This trust agreement, in our opinion, created a partnership relation among the certificate holders, as distinguished from a pure trust. They are associated together, have a fixed annual meeting, and special meetings upon the written request of the holders of one tenth of the shares; they are empowered to fill any vacancy existing in the number of trustees, and may remove any or all of them and elect others in their place. After the erection of the new building the trustees can incur no debt or liability except such as may be incidental to the management of the property held by them, and then only for an amount not exceeding in the aggregate at any one time $10,000; they are specially authorized to mortgage the premises purchased and the buildings they may erect thereon, for a specified amount, but not for a larger amount; and no sale of the real estate can be made by them unless authorized by vote of the shareholders. In short, the certificate holders are associated together, they control the property, and for convenience have placed the legal title to it in trustees as their managing agents. *Williams* v. *Milton*, 215 Mass. 1.

Under the Massachusetts rule, while partnership real estate is personalty so far as necessary to pay the debts of the firm, it is real property for all other purposes. The decedent, as one of the partners, had a beneficial or equitable interest in the real estate of the Warren Chambers Trust; and however that interest may be defined, it was "real estate within the Commonwealth, or any interest therein," and as such was subject to a succession tax by the express terms of St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, and St. 1916, c. 268, § 1. *Kinney* v. *Treasurer & Receiver*

*General,* 207 Mass. 368. *Kennedy* v. *Hodges,* 215 Mass. 112. *Peabody* v. *Treasurer & Receiver General,* 215 Mass. 129, 131. *Frost* v. *Thompson,* 219 Mass. 360. See *Hawkridge* v. *Treasurer & Receiver General,* 223 Mass. 134.

It is strongly urged by the petitioner that great practical difficulty will arise by applying to such an association as the Warren Chambers Trust the rule applicable to ordinary partnerships. See *Wilcox* v. *Wilcox,* 13 Allen, 252. But those results legally follow from the partnership form of organization voluntarily adopted by the parties. The court has no power to suspend the operation of the established rules of law applicable to partnership real estate, and the interest of the individual partners therein, where the agreement does not provide for the equitable conversion of the real into personal estate. If what is desired in order to carry out the purposes of a real estate trust is an organization with a distinct entity, intermediate between a corporation and a partnership or pure trust, and with its own rights and obligations, the Legislature and not the courts must be resorted to. Wrightington, on Unincorporated Associations, 78.

The decree of the Probate Court is affirmed so far as it relates to the shares of the Homans Real Estate Trust and the share of the Boston Real Estate Trust. As to the shares of the Warren Chambers Trust the decree is reversed, and a decree is to be entered declaring that so much of these shares as represents an interest in real estate owned by the Warren Chambers Trust is subject to a succession tax under the statute.

*Decree accordingly.*