NARRAGANSETT MUTUAL FIRE INS. CO. *vs.* WALTER W. BURNHAM *et al.*

MAY 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. This is a petition brought by virtue of Section 15, Chapter 60, General Laws, 1923, for relief from an assessment of a tax which was paid under protest. In

the Superior Court decision was for the petitioner and the case is before us on respondents' exception to this decision.

The petitioner, a Rhode Island corporation, in conformity with the statute (Chap. 60, G. L., 1923), brought in to the board of tax assessors of the city of Providence a true and exact account of its ratable estate, and on a separate sheet disclosed the fact it was the owner of ten five thousand seven hundred fiftieths of the equitable ownership and beneficial interest in certain property in the city of Cleveland, State of Ohio, represented by "A Land Trust Certificate" and stated that it had been advised that such interest was not taxable. The board of tax assessors placed a value of $9,700 on this certificate and included it in the list of the petitioner's taxable intangible personal property.

An examination of the facts as to the creation of the interest or property rights of the petitioner in the property which is the subject matter of this controversy is necessary in the determination of the question of its taxability.

The Union Trust Co. of Cleveland, Ohio, acquired title to certain real estate in the city of Cleveland on which it was proposed to erect a Union Railroad Passenger Station. This property was deeded to the Cleveland Union Terminal Co. by said Union Trust Co., excepting in its deed the title, above certain specified planes, of a part of said premises and reserving certain easements, including easements of support and access in the premises below said planes. These premises and rights were then leased to the Cleveland Terminals Building Co., an Ohio corporation, for ninety-nine years, with the right of perpetual renewal, at an annual rental of $316,250; and as further consideration for the leasing of said premises the lessee covenanted to pay all taxes and assessments imposed upon the leased property and the sum of $7,500 per annum as compensation of the trustee under the trust hereinafter described. The lease contains an option of purchase at any time on sixty days notice at a price which varies with the time when such option is exercised. Immediately after the execution and recording

of this lease said Union Trust Co. executed and recorded a document called "Agreement and Declaration of Trust," Article 1 of which provides: "The trustee hereby declares that it holds and will hold as trustee for the use and benefit of all present and future holders of certificates of equitable ownership issued hereunder (hereinafter called 'Land Trust Certificates'), the title to, and rights in, the premises, reserved by the trustee in its deed to the Cleveland Union Terminals Co." . . .

The equitable ownership was divided into 5750 "indivisible equal shares" to be represented by the certificates above described. Certificate holders have no voice in the management of the trust estate or control over the trustee. The declaration of trust provides: "The trustee shall have the exclusive right to control the trust estate as it may deem for the best interests of the beneficiaries, free from all control by the beneficiaries, as fully and to the same extent as though the trustee were the sole legal and equitable owner thereof, and shall not be subject to any obligations to the beneficiaries other than such as are expressly assumed hereunder."

The said certificates have no maturity date and they carry no promise to pay interest. The trustee agrees simply to divide at stated times all the net income *pro rata* among the holders of the certificates and on the termination of the trust to pay to the certificate holders their distributive shares. It is the contention of the petitioner that these trust certificates are simply evidence of ownership of an equitable interest in real estate in the State of Ohio and that consequently the board of tax assessors of the city of Providence had no jurisdiction to impose a tax thereon. If the relation between the trustee and the petitioner is simply that of trustee and *cestui que trust* this contention is sustained by *Anthony* v. *Caswell*, 15 R. I. 159. This is tacitly conceded by the respondents who, however, contend that said Land Trust Certificates represent an interest or property separate and distinct from the real estate in Ohio which constitutes the trust *res* on the theory that said

certificates are in reality a security issued by a *quasi* corporate business organization and are therefore taxable under the provisions of Sections 10 and 11, Chap. 59, G. L., 1923.

Certificate holders in trust organizations have for some purposes been held to be partners (*Frost* v. *Thompson,* 219 Mass. 360); voluntary associations (*Hecht* v. *Malley,* 265 U. S. 144 and pure trusts.) (*Baker* v. *Commissioner of Corporations,* 253 Mass. 130; *Rhode Island Hospital Trust Co.* v. *Copeland,* 39 R. I. 193.) The test to determine to which class a particular trust belongs as applied in the Massachusetts decisions is the measure of control which the certificate holders have over the trustees. If the latter are free from the control of the former in the management of the property the relation between them is that of trustee and *cestui que trust.* If the certificate holders are associated together in the management of the property and the trustees are simply managing agents then a partnership relation arises. *Hecht* v. *Malley, supra,* citing *Williams* v. *Milton,* 215 Mass. 1; *Frost* v. *Thompson, supra; Dana* v. *Treas.,* 227 Mass. 562; *Priestley* v. *Treas.,* 230 Mass. 452. For purposes of taxation the nature of the property constituting the trust *res* may be the determining factor. *Dana* v. *Treas., supra; Baker* v. *Commissioner of Corporations, supra.* In the instant case it is clear that the agreement and declaration of trust created a pure trust. The trust *res* is real estate. The certificate holders have no control over the trustee, whose power over the trust property is absolute, limited only by the principles of equity applicable to relation of trustee and *cestui que trust.* Said agreement contains no provision for concerted action on the part of certificate holders other than to give their consent to any change in the declaration of trust made by the trustee. There is no provision for conversion into personal property except in case the option to purchase is exercised by the lessee or the lessee shall be in default of any of the provisions of the lease and in such latter event a sale of the trust property rests entirely in the discretion and judgment of the

trustee. The option to purchase may never be exercised and this provision of the lease does not work a conversion under the law in Ohio. *Smith* v. *Lowenstein*, 50 Ohio St. 346. The contention of the respondents that these land trust certificates are taxable as a security under the provisions of Sections 10, and 11, Chapter 59, G. L., 1923, is untenable. The word "security" in its legal sense is commonly understood to mean something given or deposited as security for the fulfillment of an obligation. These certificates do not relate to any obligation or promise. The holders have no remedy beyond recourse to the trust property in case they fail to receive the expected return on their investment. In our opinion the land trust certificate owned by the petitioner is not a security within the meaning of the statute but is a muniment of title to an equitable interest in real estate in Ohio. Such appears to be the status of these certificates in that State. No Ohio decision bearing upon this question has been called to our attention, due doubtless to the fact that no attempt has been made to tax them there as personal property under the advice of the attorney general that land trust certificates similar to those in the case before us represent an equitable interest in real estate and are not taxable as personal property. Opinion No. 3640 of the Attorney General of the State of Ohio. The respondents in their brief say: "Unquestionably the agreement and declaration of trust presented in this case constitute an ingenious attempt to operate a business as a corporation without having to carry the burdens and obligations that go with that particular type of business organization." . . . It is not an evasion of legal responsibility to take what advantages may accrue from the choice of any particular form of organization permitted by the law. The law recognizes legal and equitable interests in real estate and the nature of an equitable interest is not changed by reason of the fact that it is divided into a number of interests or shares. In *Bullen* v. *Wisconsin*, 240 U. S. 625, the Supreme Court said: "When the law draws a line a case is on one

side of it or the other and if on the safe side it is none the worse legally that a party has availed himself to the full of what the law permits. When an act is condemned as an evasion, what is meant is that it is on the wrong side of the line indicated by the policy if not by the mere letter of the law."

Our conclusion is that the Land Trust Certificate owned by the petitioner represents an equitable interest in the real estate in Ohio and is, therefore, not subject to taxation under Sections 10 and 11, Chapter 59, G. L., 1923.

The respondents' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Tillinghast & Collins, Colin MacR. Makepeace,* for petitioner.

*John C. Mahoney, City Solicitor, John T. Walsh, Francis D. McManus, Francis J. McCabe, Edward J. McQuade, Asst. City Solicitors,* for respondents.