In the Matter of the Estate of MARY L. SHEPHERD, Deceased.

Surrogate's Court, Livingston County, February 26, 1934.

*Helen M. Pratt*, for the petitioner.

*John B. Abbott*, for the State Tax Commission.

WHEELER, S. This is an application for an order entered on the appraisers' report to modify the *pro forma* order fixing the transfer tax, and particularly that portion which assessed a tax upon the exercise of the power of appointment made by the testatrix.

The application is made under the provisions of section 20, subdivision 6, of the Surrogate's Court Act.

No question is raised relative to the authority of the surrogate to entertain this application. The facts which give rise to the question follow:

The testatrix died a resident of the county of Livingston, State of New York, May 25, 1931, leaving a last will and testament which was admitted to probate in that county. The brother of testatrix, Edward S. Shepherd, died a resident of the State of Illinois, leaving a will which was admitted to probate in that State, by which he bequeathed the testatrix herein the life use of a certain

fund held by the Illinois Bank and Trust Company of Chicago, Ill., with power of appointment. The testatrix exercised the power of appointment over such trust fund by her will and bequeathed the fund to Marjorie Shepherd Briggs, a resident of the State of Illinois. The property was physically located within the State of Illinois.

The New York State transfer tax appraiser reported that the transfer of this property, consisting of this trust fund, amounting to $35,000, with accumulations, was taxable under the Transfer Tax Law of this State, and the applicant contends that it was not taxable.

The question is not where the property was located, as I view it, but whether the beneficiary, Marjorie Shepherd Briggs, came into its possession through the exercise of a privilege conferred by the State of New York.

The statute under consideration, section 220, subdivision 4, provides: " Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised to such donee by will."

The proposition which suggests itself from reasoning, as well as from authority, is that the basis of the power to tax is the fact of an actual dominion over the subject of taxation at the time the tax is imposed.

The statute under consideration, section 220, subdivision 4, provided as a condition of exercising a power of appointment, that it shall be " deemed a transfer taxable under the provisions of this act in the same manner as though the property to which the appointment relates belonged absolutely to the *donee of such power.*"

The testatrix was a resident of this State. Her will, exercising the power of appointment, was probated in Livingston county. The right to the fund in question was created by testatrix's will, and the distribution thereby will be by virtue of that will; and the statute, as a condition of exercising the power of appointment, made it a taxable transfer.

It is not the property which is the subject of taxation; it is the right or privilege which the State confers upon the citizens of this State to dispose of property by will. (*Matter of Hull,* 111 App. Div. 322; affd., 186 N. Y. 586.) The court held in that case that where a resident of the State gave power of appointment

by her will, and the appointee, also a resident of the State, exercised the appointment by will, the beneficiary was liable under the Transfer Tax Law, though the property involved was situated without the State.

The rule announced by the courts is: " The right to take property by devise is not an inherent or natural right, but a privilege accorded by the State, which it may tax or charge for." It follows, therefore, that the right of a testator to make a will or testamentary instrument is equally a privilege, and equally subject to the taxing power of the State.

The decedent was a resident of this State. The privilege of making a will through which she exercised a power of appointment bequeathing the trust fund was one granted by this State.

Marjorie Shepherd Briggs received all of her rights in and to the fund in question by reason of the exercise of the power of appointment (a privilege granted by the State of New York), and she cannot be relieved from a tax obligation because of the fact that the property itself is without the State of New York and physically located in the State of Illinois at the time the power was exercised.

Distribution hereon will take place by virtue of the laws of the State of New York.

The court accepts the reasoning as well as the law laid down in *Matter of Frazier* (188 N. Y. Supp. 189) and followed and cited with approval in *Matter of Seaman* (187 id. 254).

The State of New York may, therefore, impose a tax.

*Pro forma* order fixing tax affirmed, without costs.

Submit order.