which we do not regard of sufficient moment to call for independent discussion.

The exceptions of the defendant should be overruled, and motion denied, and judgment ordered for the plaintiff on the verdict, with costs and disbursements. So ordered. All concur.

## In re DINGMAN'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

**1. TRANSFER TAX—PERSONAL PROPERTY—SITUS IN FOREIGN STATE.**

Under Transfer Tax Law, § 220, imposing a tax on the transfer of property, real or personal, of the value of $500 or over, from any person dying seised or possessed of the property while a resident of the state, personal property of a decedent, which was located in another state, and paid by an administrator in that state to a brother of the decedent, who resided there, was liable to the tax.

**2. SAME—PARTIES—COMPTROLLER—APPEAL.**

Under Code Civ. Proc. § 2572, providing that an appeal by a person who was not a party to the decree or order of the surrogate court must be taken within three months after the entry of the decree or order, the comptroller of the state had that time in which to appeal from the order of the surrogate determining that personal property of the decedent in a foreign state was not subject to the transfer tax.

Appeal from surrogate's court, Oswego county.

In the matter of the assessment of the transfer tax on the estate of John Dingman, deceased. From an order holding that personal property of the estate located in a foreign state, and paid to a brother of the deceased, who was a resident of said foreign state, was not subject to a transfer tax, the comptroller of the state of New York appeals. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

James R. Sommers, for appellant.
N. B. Smith, for respondent.

McLENNAN, J. As far as it is necessary to state, the facts are as follows: John Dingman, who was a resident of this state, died intestate on the 15th day of May, 1894, at the town of Boylston, Oswego county, N. Y. The deceased at the time of his death had personal property in the state of Iowa, or which afterwards went into said state, and letters of administration were issued ˏupon the estate of the deceased out of the district court of Monona county, Iowa, on the 29th day of May, 1894. The brother of the deceased, George W. Dingman, was a citizen of, and resided in, said state, and the administrator appointed by the Iowa court paid to him his distributive share of said estate, which amounted, after deducting expenses, to $1,264.71. Administrators of said estate were also appointed by the surrogate's court of Oswego county on the 11th day of July, 1894, but none of the property paid by the Iowa administrator to George W. Dingman, the brother of the deceased, ever came into the hands of such administrators.

The sole question presented by this appeal is whether or not the

distributive share of the estate which was paid to George W. Ding-
man, the brother of the deceased, in the state of Iowa, was subject
to a transfer tax of 1 per centum.  The question is not whether the
New York administrators are chargeable with, or should· be re-
quired to pay, the tax upon such distributive share, or even whether
or not the comptroller will ever be able to recover the amount
of the tax so assessed from George W. Dingman, the distributee.
Certainly it could not be contended that such tax should be ac-
counted for or paid by the New York administrators, unless funds
belonging to the brother, George W. Dingman, came into their
hands, and out of which such tax could be paid.  They could not
be required to pay the tax personally, nor out of the distributive
shares of any of the other heirs or next of kin.  Those considera-
tions are immaterial and foreign to the real question presented by
this appeal, to wit, whether or not personal property, which is in
a foreign state, but is owned by a person who is a resident of and
dies within this state, is subject to the transfer tax imposed by stat-
ute, notwithstanding such personal property is administered upon,
and distributed pursuant to, the laws of such foreign state, and de-
livered within such state to a resident thereof.

Section 220 of the tax law provides as follows:

"A tax shall be and is hereby imposed upon the transfer of any property,
real or personal, of the value of five hundred dollars or over, or of any inter-
est therein or income therefrom, in trust or otherwise, to persons or cor-
porations not exempt by law from taxation on real or personal property, in
the following cases: (1) When the transfer is by will or by the intestate
laws of this state, from any person dying seized or possessed of the property,
while a resident of this state.  *  *  *"

Section 221 provides that, in case the interest of property passes
to a brother, the tax shall be at the rate of 1 per centum.  We
think, upon the facts disclosed, that the property in question was
liable to such tax of 1 per centum.  It cannot be that it was the
intention of the legislature to so frame the law that a person, in
contemplation of death, may place his entire estate, if it consists of
personal property, in a foreign state, where it may be distributed
to his heirs or next of kin residing in such state, and thus relieve
such property of the payment of the transfer tax imposed by the
statute.

It cannot, however, be useful to enter upon a discussion of the
reasonableness or propriety of the rule contended for by the coun-
sel for the comptroller, as we deem the question settled in accord-
ance with his contention by the decision of the court of appeals in
Re Swift's Estate, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709.  In
that case it was said by the learned judge who wrote the opinion for
the court:

"But as to the personal property of a resident decedent, wheresoever situ-
ate, whether within or without the state, they [the majority of the court]
are of the opinion that it is subject to the tax imposed by the act."

In Re James, 144 N. Y. 10, 38 N. E. 962, the court said:

"If the property consisted in personalty, its legal situs, although it in fact
existed elsewhere than in the state, would follow the domicile of its owner,

and thus, if he were a resident of the state, become the subject of taxation therein."

The personal property in question, although in a foreign state, was subject to the tax imposed by the statute, and the tax should have been assessed, even though it was paid to George W. Dingman, the brother of the deceased, in such foreign state, and was never brought within this state. Whether or not the tax when so assessed can be collected is a question in no manner presented by this appeal. An appeal from the order of the surrogate was proper. Morgan v. Warner, 45 App. Div. 424, 60 N. Y. Supp. 963.

The comptroller was not a party to the proceeding in which the order was made, and therefore had three months from the time of the entry thereof in which to take an appeal, as provided by section 2572 of the Code of Civil Procedure.

The order appealed from should be modified by assessing the tax of 1 per centum upon the distributive share of the estate of John Dingman, deceased, which went to George W. Dingman, to wit, upon the sum of $1,269, and the surrogate is directed to so assess the same.

As so modified, the order is affirmed, without costs to either party. All concur.