The Chicago and Western Indiana Railroad Company, Appellant, *vs.* The City of Chicago *et al.* Appellees.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. Eminent domain—*when question of the necessity for taking land is not a judicial one.* Whether the land sought to be condemned by a railroad company in elevating its tracks, as required by ordinance, is actually needed by such company is a question which the courts will not undertake to determine unless there is a clear abuse of the company's power.

2. Same—*what does not show abuse of a company's power to condemn.* The facts that the petitioner, in elevating its tracks, is providing for more tracks than it needs at present and that it is building its embankment with sloping sides instead of retaining walls do not show that the company is abusing its power in seeking to condemn land to provide room for the slopes.

3. The main questions here involved are decided in the case of *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231, and are controlled by that decision.

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

W. S. Kies, and C. G. Austin, (Nathan G. Moore, of counsel,) for appellant.

Baldwin & Barnes, and Adler & Lederer, for appellees.

Mr. Justice Carter delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county which dismissed the appellant's petition to condemn property described therein, on the ground that the appellant was without authority to condemn the property.

The various grounds urged here against the legal right of appellant to condemn land for railroad purposes were urged in the recent case of *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231, and we there held said company was authorized to exercise the power of eminent domain. After giving due consideration to the arguments of counsel advanced in the briefs as well as in the oral argument, we see no reason to change the conclusion there reached on this question. That decision, on the facts presented in this record, states the law correctly and must control here.

Counsel for appellees insist that even though we follow the decision in the former case as to the authority of appellant to condemn land, a different question is presented here as to the necessity for taking the land, as that here sought to be taken is to permit the widening of the right of way while in the former case the land was for terminal railroad purposes. The record shows that appellant was required by the ordinances of the city of Chicago to elevate its right of way and tracks adjacent to the lands of appellees and that the business of the road at that point is increasing, and tends to show that the future business of the company will require more railroad tracks than are absolutely needed at the present time. The chief engineer of

appellant testified that when the tracks of a railroad company are elevated it is necessary to plan and provide at the time for future requirements. There are only two pieces of land here involved,—one strip 12½ by 125 feet and the other 33 by 119½ feet.

It is argued by appellees that the appellant did not absolutely need this land, because it could construct a retaining wall at the edge of the land it already owned at that point, instead of buying this land and providing room for a slope for the embankment. The court, in the absence of a clear abuse of power, cannot deny the right to condemn upon the ground that the exercise of the power is unnecessary or inexpedient. (*Terre Haute and Peoria Railroad Co.* v. *Robbins,* 247 Ill. 376; *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Sanitary District,* 218 id. 286.) Whether it is wisest in elevating tracks to allow a slope to the embankment or build a retaining wall is largely a question of engineering expediency. Manifestly, on such facts as are presented in this record the courts cannot hold that it would be an abuse of power to construct the embankment with a slope rather than with retaining walls. Neither can it be judicially held that it is an abuse of power on the part of appellant to so widen its right of way and embankment at the time of the elevation as to provide space for more tracks than are required for its present business.

The circuit court should have overruled the motion to dismiss the petition. The judgment of that court will therefore be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*