[S. F. No. 7030. In Bank.—June 23, 1915.]

In the Matter of the Estate of ALMON DANFORTH HODGES, Jr., Deceased. CHARLES H. RIEBER and HARRIS KENNEDY, Devisees and Legatees, Appellants; JOHN E. McDOUGALD, as Treasurer of the City and County of San Francisco, Respondent.

INHERITANCE TAX LAW—TAXATION UPON PERSONALTY SITUATED OUTSIDE OF CALIFORNIA—CONSTITUTIONAL LAW.—The provisions of the Inheritance Tax Law of California, (Stats. 1905, p. 350), requiring the payment of an inheritance tax upon personal property situated in Massachusetts, belonging to a decedent residing in California, whose will was probated originally in California and by ancillary administration in Massachusetts, in which latter jurisdiction the property was distributed, are not in violation of the fourteenth amendment to the constitution of the United States as amounting to a deprivation of property without due process of law.

ID.—CONSTITUTIONAL LAW—DOUBLE TAXATION.—The fact that the state where the property is situated has also imposed a tax upon the succession of the property does not render the tax by the state of the domicile of decedent a violation of the federal constitution as double taxation, although it may result in hardship.

ESTATES OF DECEDENTS—LAW GOVERNING THE SUCCESSION OF PERSONAL PROPERTY.—The law of the domicile of a decedent governs the succession of his personal property wherever situated.

APPEAL from an order of the Superior Court of the City and County of San Francisco fixing an Inheritance Tax. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Chas. A. Gray, and Edward H. Warren, for Appellants.

U. S. Webb, Attorney-General, Albert H. Elliott, Assistant Inheritance Tax Attorney, Hartley F. Peart, and Gus L. Baraty, for Respondent.

LORIGAN, J.—Almond D. Hodges, Jr., died in Massachusetts November 7, 1910, a resident of the state of California. He left a last will which was originally probated in this state. His estate consisted of real and personal property located here and, in addition, he owned certain bonds and stocks

of foreign corporations, deposits in bank, and certain chattels which, at the time of his death, were actually located in the state of Massachusetts of which state he had formerly been a resident. After the probate of the will of deceased in this state a certified copy thereof was offered for probate in Massachusetts and ancillary letters of administration granted there. Under such ancillary administration in Massachusetts all the said personal property located in that state was by order of the probate court there transferred from the executors of the will of said decedent to said executors as trustees under a trust provision in the will, which directed this to be done and which trust was under the jurisdiction of the Massachusetts courts. The superior court of the city and county of San Francisco having jurisdiction in the primary or domiciliary administration of said estate, included in the property thereof subject to the payment of an inheritance tax to this state, the said personal property though located in Massachusetts and distributed to the trustees by the probate court there, and though on the hearing in this proceeding it was stipulated that such personal property would not be brought into this state for distribution in the administration of the estate pending here. This property located in Massachusetts it was agreed was of the value of $96,615.

The only question presented upon this appeal is as to the validity of the order of the superior court of this state requiring payment of an inheritance tax here upon the personal property located in Massachusetts and distributed there. No question is made by the appellants of the power of the legislature to impose a tax upon inheritances and legacies. The contention of the appellants is that such tax can only be imposed by a state upon the personal property of a domiciled decedent thereof which is actually in the state at the time of his death, or which may subsequently be brought into it for the purposes of administration, and that no inheritance tax can be levied by a state upon personal property of a domiciled decedent which, at the time of his death, is located beyond the domain of the state and which is never brought within the state of his domicile for administration and which is, in fact, administered upon in the courts of the state in which it is actually located. The argument of the appellants in support of this contention is that all taxes must be based upon a benefit conferred by the taxing power; that the only

basis for the imposition of an inheritance tax, or succession, or transfer tax, as otherwise called, is the right which a state grants for the passage or transfer by will, or by descent in case of intestacy, of real or personal property within its jurisdiction; that the right of transfer or succession of personal property of the decedent Hodges located in Massachusetts was not granted by or derived from the state of California but through the state of Massachusetts. Hence, it is insisted that as this state did not permit or confer the right of succession to the personal property located in Massachusetts, its attempt to subject it to an inheritance tax amounted to a deprivation of property without due process of law and was void under the fourteenth amendment of the constitution of the United States.

The clear policy of this state as disclosed by its legislation, and which is in harmony with an equally declared policy on the same subject in a large number of states, is that all property of a person dying in this state, a resident thereof, whether he dies testate or intestate, shall be subject to the payment of an inheritance tax to the state, and in defining the property which shall be so subject thereto, it is declared that it "shall include all personal property within or without the state" (sec. 28 of the act of 1905, Stats. 1905, p. 350). There can be no question therefore but that under the terms of our Inheritance Tax Law it was the purpose of the legislature that a tax should be imposed upon personal property of a resident decedent in this state though such property should actually be located beyond its confines, and the only question is, though located elsewhere at the time of the death of the decedent, was it within the inheritance taxing jurisdiction of this state. We think there can be no question but what it was under the application of the familiar maxim *mobilia sequuntur personam.*

While appellants in their argument assert that the right of transfer of this property under the will of decedent was conferred by the state of Massachusetts and not by this state, it is not claimed, and as we shall point out could not be claimed, that this is the fact. What they really contend is that because it had a *situs* in the state of Massachusetts at the time of the death of decedent and on an ancilliary administration of the estate of decedent there was distributed by the Massachusetts court to the trustees under a trust provision

of the will and will not be brought into this state for administration thereon, therefore the transfer of such property was controlled and made under the law of Massachusetts and not by this state. But it does not by any means follow that because all this was done by the court in Massachusetts that the succession or transfer of this property took place by force of the law of Massachusetts and not of this state. Neither does it follow that because that personal property was actually located in Massachusetts at the time of the death of decedent and distributed on the anciliary administration had there that this state having jurisdiction over the domiciliary administration of the estate of decedent had no power to impose an inheritance tax upon that property. On the contrary these matters do not affect the power or authority of this state to do so. We have referred to the maxim *mobilia sequuntur personam.* That maxim, universally applied in the jurisdictions of all civilized nations, is that the personal estate of a decedent, wherever it may in fact be located, is, for the purposes of succession and distribution, deemed to have no other locality than the domicile of the decedent. As a general rule the domicile of the decedent draws to it in contemplation of law all the personal property of the decedent no matter where its actual *situs* may be at the time of his death, and the distribution of it is governed and controlled by the laws of succession existing at the place of the domicile of the decedent. The courts of the various states have had frequent occasion to pass upon the power of a state having jurisdiction through its courts over the estate of a domiciled decedent to impose an inheritance tax upon the personal property of such decedent located outside of the state, and the authorities are uniform in holding that though personal property may be actually located in another state than that of the residence of the decedent at the time of his death, its *situs* for the purpose of imposing an inheritance tax upon it is in the state which was the domicile of the decedent and where the primary administration of his estate is being had. (Ross on Inheritance Taxation, pp. 221, 229; Blakemore and Bancroft on Inheritance Taxes, secs. 207, 225; Dos Passos on Inheritance Tax Law, 2d. ed., sec. 29; *Estate of Swift,* 137 N. Y. 77, [18 L. R. A. 709, 32 N. E. 1096]; *Frothingham* v. *Shaw,* 175 Mass. 59, [78 Am. St. Rep. 475, 55 N. E. 623]; *People* v. *Union Trust Co.,* 255 Ill. 168, [Ann. Cas. 1913D,

514, 99 N. E. 377] ; *In re Bullen's Estate,* 143 Wis. 512, [139 Am. St. Rep. 1114, 128 N. W. 109] ; *Mann* v. *State Treasurer,* 74 N. H. 345, [15 L. R. A. (N. S.) 150, 68 Atl. 130] ; *In re Dingman's Estate,* 66 App. Div. 228, [72 N. Y. Supp. 694] ; *In re Hartman,* 70 N. J. Eq. 664, [62 Atl. 560] ; *State* v. *Probate Court,* 124 Minn. 508, [50 L. R. A. (N. S.) 262, 145 N. W. 390] ; *Commonwealth* v. *Williams,* 102 Va. 778, [1 Ann. Cas. 434, 47 S. E. 867] ; *Estate of Bittinger,* 129 Pa. St. 338, [18 Atl. 132].)

All these cases were decided in favor of the right of the state having control of the primary administration of the estate through the application of the maxim *mobila sequuntur personam;* the well established general rule that the personal property of a decedent wherever situated is governed by the law of the domicile of the owner both as to distribution and the right to succession.

One of the cited cases may be quoted from as declaring the principle decided in all. In *Frothingham* v. *Shaw,* the deceased was domiciled in Massachusetts at the time of his death. He left estate in that state and stocks and bonds of foreign corporations and money in bank in the state of New York. An inheritance tax imposed by the state of Massachusetts on the personal property in New York was attacked on the ground that this personal property in New York was ''not property within the jurisdiction of the commonwealth of Massachusetts'' and if it was, the succession took place by virtue of the laws of New York and not of the laws of Massachusetts. As to the first contention the court said: ''In arriving at the amount of the tax the property within the jurisdiction of the commonwealth is considered, and we see no reason for supposing that the legislature intended to depart from the principle heretofore adopted, which regards personal property for the purposes of taxation as having a *situs* at the domicile of its owner.'' The second was disposed of as follows: ''The petitioners further contend that the succession took place by virtue of the law of New York. But it is settled that the succession to movable property is governed by the law of the owner's domicile at the time of his death. This, it has been often said, is the universal rule, and applies to movables wherever situated. . . . If there are movables in a foreign country, the law of the domicile is given an extra territorial effect by the courts of that country,

and in a just and proper sense the succession is said to take place by force of and to be governed by the law of the domicile. Accordingly it has been held that legacy and succession duties as such were payable at the place of domicile in respect to movable property wherever situated, because in such cases the succession or legacy took effect by virtue of the law of the domicile.''

Counsel for appellants, however, say that these cases do not dispose of the particular point made by them,—namely, that as the transfer of this personal property was in fact effected under the administration and distribution of it by the Massachusetts court, and will therefore not be brought into this state for administration, this state may not tax it. But some of the cases cited to our mind do dispose of this very claim adversely to the claim of appellants; cases which, on their facts, are practically identical with the situation presented here and which are selected for that reason. Take the case of *In re Dingman's Estate,* 66 App. Div. 228, [72 N. Y. Supp. 694]. There the decedent was domiciled at the time of his death in the state of New York and left personal property in the state of Iowa. Under the primary administration in New York that state imposed an inheritance tax, there called a transfer tax, on the personal property in Iowa, though it was never brought into the state of New York but was directly distributed by the courts in Iowa. Sustaining the right of the state of New York to impose the tax for the reason that the domicile of the decedent was in the state of New York, and under the maxim *mobilia sequuntur personam* the personal property of decedent was as to succession and distribution controlled by the laws of his domicile, the court said: '' . . . the real question presented by this appeal, to wit: whether or not personal property, which is in a foreign state, but is owned by a person who is a resident of and dies within this state, is subject to the transfer tax imposed by statute, notwithstanding such personal property is administered upon and distributed pursuant to the laws of such foreign state, and delivered within such state to a resident thereof. . . . We think, upon the facts disclosed, that the property in question was liable to such tax of one per centum. It cannot be that it was the intention of the legislature to so frame the law that a person, in contemplation of death, may place his entire estate, if it consists of personal property, in

a foreign state, where it may be distributed to his heirs or next of kin residing in such state, and thus relieve such personal property of the payment of the transfer tax imposed by the statute. . . . The personal property in question, although in a foreign state, was subject to the tax imposed by the statute, and the tax should have been assessed, even though it was paid to . . . the brother of the deceased, in such foreign state, and was never brought within this state.''

In *People* v. *Union Trust Company*, 255 Ill. 178, [Ann. Cas. 1913D, 514, 99 N. E. 377], decedent died having his domicile in Illinois but left certain stocks and bonds in a safe deposit box in Los Angeles in this state and money on deposit in a Los Angeles bank. Ancillary administration on the estate was had in this state and the property here distributed to the legatees and to a trustee under the will and was never taken to the state of Illinois. The court in Illinois imposed an inheritance tax on the entire property left by the decedent, including the personal property located at his death in this state and administered upon and distributed here. This is the exact situation presented here. It was claimed that the Illinois court in administering the estate was without authority in law to fix an inheritance tax on the property located in California, but the supreme court of Illinois held that such property was subject to the payment of the inheritance tax in Illinois, following the general rule that succession and distribution of the personal estate of a decedent is controlled by the law of his domicile.

In another case, *In re Hartman*, 70 N. J. Eq. 664, [62 Atl. 560], was involved the situation where the property outside of the domicile of the decedent was distributed under administration in the state of its locality and never brought into the state of the domicile and an attack was made on the right of the domiciliary court to impose an inheritance tax upon it which it did. This contention was rejected and the right to impose the tax on the property, notwithstanding this foreign distribution, was likewise sustained on the ground that the law of the domicile controlled the succession of the personal property and such succession was subject to an inheritance tax imposed by the law of the domicile of the decedent. See, also, *In re Bullen's Estate*, 137 Wis. 512, [139 Am. St. Rep. 1114, 128 N. W. 109], sustaining the right of the domiciliary jurisdiction to tax personal property out

of the state and which was distributed in the jurisdiction where it was actually located and never brought into the state of the primary administration.

It is of course true that while the general rule is that the right of succession to personal property is governed by the law of the domicile of the owner at the time of his death and not by the law of its locality, and the right of the state of such domicile under its laws to impose such inheritance tax is sustained for that reason, although the personal property may be actually in another state, this general rule of succession.is subject to the limitation that there be no rule to the contrary in the state where the personal property is actually located. But this limitation cannot apply here because there is no law to the contrary in the state of Massachusetts. Under a stipulation of the parties in this proceeding it appears that by section 1, chapter 143, of the revised laws of Massachusetts of 1902, if administration is taken there on the estate of an inhabitant of any other state his estate found in Massachusetts must be, after payment of debts, disposed of according to his last will if he left any, "otherwise . . . his personal property would be distributed and disposed of according to the laws of the state or country of which he may have been an inhabitant." As then the law of Massachusetts recognizes the general rule that the disposition by will, or succession thereto on intestacy, as to personal property located in Massachusetts owned by a nonresident of that state, is entirely governed and controlled by the law of the domicile of the decedent, it must necessarily follow as to the particular personal property involved here that the general rule of the authorities applies; that an inheritance tax on personal property of a decedent though located out of the state of his domicile may be imposed on the right of disposition by will or succession on intestacy which is granted under the law of the domicile of the decedent.

It is further claimed that the imposition of the inheritance tax by this state subjects this property of the decedent to double taxation in violation of the federal constitution. This point is presented under a stipulation that the state of Massachusetts on distribution of this personal property under the ancillary administration has there imposed an inheritance tax of that state upon it. In support of this contention appellants cite and rely on several decisions of the supreme court

of the United States. But these cases, which involved the power of the state as to the imposition of general or annual taxes upon personal property, are not applicable in determining the legality of inheritance taxes. It is not only so stated by the supreme court of the United States, but the right to impose such a tax on personal property of a decedent in the state of the domicile of the decedent under the principle of *mobilia sequuntur personam*, but also in the state of the actual location of such property, and that such taxation in both violates no principle of constitutional law as constituting double taxation, is sustained. In *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194, [4 Ann. Cas. 493, 50 L. Ed. 150, 26 Sup. Ct. Rep. 36], that court, in deciding that certain personal property—railroad cars—were not subject to annual taxation when not physically located in the state levying it, says, in concluding its opinion on the subject: "It is unnecessary to say that this case does not involve the question of taxation of intangible personal property, or of inheritance or succession taxes . . . which are controlled by different considerations."

In *Blackstone* v. *Miller*, 188 U. S. 189, [47 L. Ed. 439, 23 Sup. Ct. Rep. 277], the question was whether the state of New York had the right to tax a transfer by will of personal property in that state owned by a testator who had died domiciled in Illinois and where the whole estate, including the property in New York, had been taxed in Illinois. The court said: "No one doubts that succession to a tangible chattel may be taxed wherever the property is found, and none the less that the law of the *situs* accepts its rules of succession from the law of the domicile, or that by the law of the domicile the chattel is part of a *universitas* and is taken into account again in the succession tax there." And further, "No doubt this power on the part of two states to tax on different and more or less inconsistent principles leads to some hardship. It may be regretted also that one and the same state should be seen taxing on the one hand according to the fact of power and on the other at the same time according to the fiction that in successions after death *mobilia sequuntur personam* and domicile governs the whole. But these inconsistencies infringe no rule of constitutional law."

In 1 Wharton on Conflict of Laws, (2d ed.), sec. 80f, p. 200, it is said: "There is no constitutional objection to a law which

. . . levies a tax according both to the principle of domicile and the principle of *situs,* or what is practically equivalent, according to both the maxim *mobilia sequuntur personam* and the actual *situs* of the property, although double taxation inevitably results if those states in which the decedent was domiciled or in which the property had an actual *situs* lay the tax according to either or both principles."

We perceive no reason for disturbing the order appealed from and it is accordingly affirmed.

Shaw, J., Sloss, J., Henshaw, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.