MATTER OF JAMES GORDON BENNETT.                267

Misc. 267]      Surrogate's Court, New York County, January, 1924.

In the Matter of the Estate of JAMES GORDON BENNETT, Deceased.

Surrogate's Court, New York County, January, 1924.

Transfer tax — appraisal — decedent, dying a resident of New York state, left will probated in this state and one probated in France — legacies payable out of French estate subject to tax in New York state — when modification of order fixing tax will be directed.

The decedent who died a resident of this state leaving a will which was admitted to probate here, also left a will in the French language disposing of property in France, which was admitted to probate there. By a judgment of the Supreme Court brought by the executors for the construction of both wills it was held that a large part of the New York property should be applied to the advantage of the French legatees in securing for them their annuities and their legacies free from substantial deductions. *Held*, that in consequence, the French will had been construed as operative in New York although it might have been denied probate here, and further that the legacies payable out of the French estate were subject to a transfer tax here.

The appeal of the executors from the order fixing a transfer tax upon the ground that the appraisers in calculating the value of the French legacies had adopted an incorrect rate of exchange of the franc, as of the date of the decedent's death, sustained.

TRANSFER TAX proceeding.

*Jay & Candler* (*Robert W. Candler*, of counsel), for appellants.

*Stetson, Jennings, Russell & Davis* (*Clement E. Dunbar* and *Thomas Garrett, Jr.*, of counsel), for Guaranty Trust Company of New York, executor, appellant.

*Charles A. Curtin*, for State Tax Commission.

FOLEY, S.   This is an appeal by the executors from the order fixing the transfer tax on the ground that the legacies payable out of a portion of the decedent's estate, located in the republic of France and administered pursuant to the provisions of a will probated in France, have been taxed by New York state as transfers of property. They further appeal because the appraiser has adopted an incorrect rate of exchange of the franc as of the date of the decedent's death in calculating the value of the French legacies.   Mr. Bennett died on May 14, 1918, a resident of the state of New York.   His will, dated November 11, 1916, was admitted to probate in this county on September 27, 1919.   He left a will in the French language disposing of property in France, which was admitted to probate in that country.

The appeal of the executors upon the first ground must be denied. They contend that the transfer of the property in France was governed exclusively by the provisions of the French will; that

this will could not be admitted to probate by any court of the state of New York; that there was no transfer by virtue of any law of the state, and the transfers were effected without any aid, right or privilege conferred by the laws of our state. The legislature has authorized the taxation of transfers of property in the estate of a decedent wherever situated, which passed either by will or intestate law. This power to tax such property is beyond question. *Matter of Keeney*, 194 N. Y. 281; affd., 222 U. S. 525; *Matter of Estate of Swift*, 137 N. Y. 77; *Matter of Dingman*, 66 App. Div. 228. The situs of the personal property is the domicile of its owner. *State of Colorado* v. *Harbeck*, 232 N. Y. 71; *Bullen* v. *Wisconsin*, 240 U. S. 625; *Blackstone* v. *Miller*, 188 id. 189; *Matter of Keeney, supra.* The same objection raised to the taxability of the transfer was urged in *Bullen* v. *Wisconsin, supra,* in the United States Supreme Court. In that case the decedent was a resident of Wisconsin. The deed by which the property was conveyed was made in Illinois. Mr. Justice Holmes, in overruling the objection, states the rule as follows (p. 631): "As the states where the property is situated, if governed by the common law, generally recognize the law of the domicil as determining the succession, it may be said that, in a practical sense at least, the law of the domicil is needed to establish the inheritance. Therefore the inheritance may be taxed at the place of domicil, whatever the limitations of power over the specific chattels may be, as is especially plain in the case of contracts and stock (*Blackstone* v. *Miller*, 188 U. S. 189, 204; *Eidman* v. *Martinez*, 184 U. S. 578, 586, 589, 590, 592; *Thomson* v. *Advocate General*, 12 Cl. & Fin. 1, 18, 21; *Frothingham* v. *Shaw*, 175 Mass. 59; *Matter of Swift*, 137 N. Y. 77, 88; *Mann* v. *Carter*, 74 N. H. 345; *Appeal of Hopkins*, 77 Conn. 644; *Hartman's Case*, 70 N. J. Eq. 664)."

The statute does not limit the taxation of estates to those transferred by a will executed in this state. The fact that the will could not be admitted to probate here does not defeat the jurisdiction of the state of domicile. If such were the case, an easy method of evading the law and preventing the collection of transfer taxes would be available to residents of this state. The inconsistency of the position taken by the executors is emphasized by the judgment in the action brought by the executors to construe the New York and the French will. That judgment directed the executors to carry out in part the directions contained in the French will by paying out of the New York estate of Mr. Bennett one-half of the decedent's debts in France and one-half of the administration expenses of the French estate, one-half of the French inheritance taxes and two annuities charged by the French will upon the New York property. These annuities amounted in one case to

100,000 francs per year, and in the other to 50,000 francs per year, and the appraiser has fixed their taxable value as of the date of death at $93,355 and $40,879 respectively, a total of $134,234. In other words, by a judgment of the Supreme Court it has been held that a large part of the New York property shall be applied to the advantage of the French legatees in securing for them their annuities and their legacies freed from substantial deductions. The will has, therefore, been judicially construed as operative in New York, although it might have been denied probate here. The legatees cannot take these large benefits and escape the relatively small tax properly assessed against their succession in the state of domicile. The contention of the executors involves the incongruous situation that the French succession tax can be paid out of the New York property under the direction of the foreign will, but our own transfer taxes cannot be assessed upon the same transfers. The French will, if effective for one purpose for the beneficiaries, must be deemed equally effective for the protection of our state.

For these reasons the appeal of the executors on this ground must, therefore, be denied.

The second ground of appeal is sustained. The appraiser has adopted an incorrect rate of exchange in making his computation of the value of the franc.

Submit an order on notice modifying the order fixing tax in accordance with this decision.

Decreed accordingly.