PAUL D. CASKEY, *Ex'r v.* STATE OF NEW HAMPSHIRE.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the plaintiff.

*Ernest R. D'Amours*, Assistant Attorney-General (by brief and orally), for the State.

BURQUE, J. We are dealing with "Taxation of Legacies and Successions," P. L., c. 72 (R. L., c. 87), and are confronted with the problem of determining what does a tax on Legacies and Successions mean, and when is it to be imposed and computed.

P. L., c. 72, s. 1, reads: "All property within the jurisdiction of the state, real or personal . . . which shall pass by will, . . . shall be subject to a tax . . ." and s. 33, reads: "Said tax shall be assessed upon the actual market value of the property at the time of the decedent's death." The controversy resolves itself into the meaning of the words: "market value of the property at the time of the decedent's death," as applied to a residuary legacy. There is no question that when one is bequeathed certain personal property, such as bonds, stocks, jewelry, furniture, rolling stock, stock

in trade, wearing apparel, books, etc., and there are enough assets in the estate to pay all charges against the estate and guarantee delivery of the property specifically bequeathed, the tax is assessed on the market value, determined by appraisal, as of the date of decedent's death. Likewise if the devise is of real estate. In the case of a legacy of the residue however the situation is necessarily quite different.

The problem is before this court for the first time and at first glance presents some difficulty. However we are not without assistance. First we have the case of *Williams* v. *State*, 81 N. H. 341, 355 where the court made this pronouncement: "The state tax is imposed upon or measured by the amount passing to each legatee or heir. Laws 1915, *c.* 106, *s.* 1. If by virtue of federal legislation or for any other reason a less amount passes under the laws of this state, a less tax is imposed. *Kingsbury* v. *Bazeley*, 75 N. H. 13."

What did the court mean by "if . . . for any other reason a less amount passes"? Can it mean anything else but credit for all paramount claims against the estate, be they fixed, regular, unanticipated as well as anticipated proper charges at the time of death, ascertainable then or later during the period of administration? The *Kingsbury* case dealt with the right of executors to charge themselves with the payment of foreign inheritance taxes, which if allowed, would reduce the amount of the residuum and the court said, *p.* 19, "The executors are chargeable only for what has come to their hands — the property less the duties paid" [to foreign state]. That executors are chargeable only for what has come to their hands is so well settled law that comment would almost seem to be superfluous. This being so all that legatees and distributees can receive is what is left in the hands of executors to be distributed. A decree of distribution settles that.

The right of the residuary legatee "attached only to the residue of the estate after the payment of debts, expenses and special legacies." *Weston* v. *Society*, 79 N. H. 245, 247. "Until a decree of distribution, 'neither the widow nor the next of kin has any title to the personal estate.' . . . It is only the 'surplussage', or the portion of the personal estate 'remaining in the hands of the administrator on settlement of his administration account', that is subject to distribution." *Champollion* v. *Corbin*, 71 N. H. 78, 82. See also, *Bartlett* v. *Hill*, 69 N. H. 197, 199; *Weeks* v. *Jewett*, 45 N. H. 540, 542; *Brewster* v. *Gage*, 280 U. S. 327, 334. "The bene-

faction conferred by the residuary clause of a will is only of that which remains after all paramount claims upon the estate of the testator are satisfied (*Plunkett* v. *Company*)" [233 Mass. 471]; *Amoskeag Trust Co.* v. *Dartmouth College*, 89 N. H. 471, 474.

From the above it is clear that all the State is entitled to tax is what the residuary legatee receives. That being so when can the tax be computed and assessed? Certainly not before the amount of the residuum has been fixed. How can the tax be computed as of the date of death when the residuum is of an unknown quantity? Who can determine within reasonable limits what it will be, particularly in a case like the present one where the big bulk of the estate consisted of stocks and bonds? True they had a fixed value at the date of death, and true also the executor had ninety days to file an inventory and appraisal. If at that time it could be definitely determined what all the charges against the estate would be, it might rightfully be said, as claimed by the State, that the tax could be computed and assessed as of the date of death, taking the value of the securities as a basis thereof. But as it happened in the instant case there was not enough available money in the estate to pay the specific cash legacies. A large amount of the securities had to be disposed of in order to pay debts, legacies and expenses of administration. In doing so the estate suffered a substantial loss, which the executor seeks to credit himself with as proper charges against the estate. That he is entitled to do so is not disputed. He therefore contends this is to be done before the State can fix the tax. This the latter will not allow, whether such losses be considered expenses of administration or what not. We are of opinion the State is in error.

*Williams* v. *State* is authority for the proposition that "the state tax is imposed upon or measured by the amount passing to each legatee or heir." This is plain language and means just what it says. To make it even clearer, the case goes on further to say, "If by virtue of federal legislation or for any other reason a less amount passes under the laws of this state, a less tax is imposed." It follows that what one has to pay as a tax is what can be levied on what he is to receive. For example in the instant case legacies are provided for in various amounts. The will does not provide that the inheritance tax is to be paid out of the estate so that the legatees will receive their legacies in full, free from any deduction for such tax. The amount of tax to be charged to them is definite, their legacies being definite. The value of the estate at the time of the

testator's death does not affect the amount to be paid since there are enough assets to pay them. If there had not been the legacies would have had to be pro rated, and the tax assessed on the amount of the respective legacies. There can be no disagreement on this score. There would then have been no residue and no tax to be paid thereon. It follows as a very logical and reasonable correlative that in the case of the residuary legatee the amount he is to receive depends upon what is left after payment of debts, legacies, expenses of administration, and such other charges against the estate as are legally allowed. If the argument of the State is sound, that because the act says the tax is imposed and computed as of the date of death, the residuum is determined as of the date of death and then taxed, it would be just as logical to say that a tax assessed as of such date on the special legacies, if excessive because of subsequent partial ademption, could not be afterwards abated pro rata, or if paid that it could not be recovered back in whole or in part. Such an argument must necessarily be absolutely fallacious; it is not based on a sound premise; it is not logical. The Legislature never could have intended a result which would in effect be imposing a penalty for which the would-be beneficiary of one's well-intended benefaction is not responsible. Which, in effect, is what the State contends, and we cannot subscribe to it. The State's interpretation of the statute is too literal and leads to an unreasonable and inequitable conclusion. Statutes imposing taxes are not as a matter of course to be strictly construed but the usual method of statutory construction is applied, *viz:* to ascertain what the Legislature intended by its language. *Kimball* v. *Potter*, 89 N. H. 234, 235, and cases cited. The State relies on this case as authority for its position. It is just as much an authority in support of the plaintiff's position as it is of the State's. It is a case of an irrevocable trust to take effect at the death of the trustor. Of course in such a case the tax is to be imposed as of the date of death which is the date of receiving and taking. There can be no quarrel with that decision. But the case also says, *p.* 236, "As applied to transfers other than by inheritance or will, the statute clearly means the value of the rights of the taxpayer in the property the possession or enjoyment of which is received by him at that time. . . . It is not the additional value, if any, gained by the death of the grantor or donor that is the tax base, but the full value of the property then delivered in possession or enjoyment."

Examination of the other cases cited by the State in support of

its position does not seem to disclose facts similar to the ones in the instant case. They seem to be, as far as we can diagnose them, cases where the property referred to was property bequeathed in specie, and as said already we agree with the interpretation adopted by the State in such cases.

The situation is, as we view it, as if there were an equitable conversion of assets, produced by virtue of the statute requiring securities to be sold to settle the estate. The residuary consequently gets, not inventoried securities, but money, and that by force of the statute. Of course the money is valued as it would have been at date of death. If the residuary legatee had taken securities in part, the securities would have to be valued as of the date of death. That is all that can be meant by "actual market value of the property at the time of the decedent's death."

The State contends that the practice resorted to in this case is the same adopted for the last forty years. The reserved case, agreed statement of facts, makes no reference to this and the issue is not before us.

We cannot be interested in the State's position that the adoption of an interpretation such as is contended for by the plaintiff would result in a very impractical administration of the law under discussion. In fact if we were to express an opinion on the subject it would be that, in our way of looking at it, it would result in a more practical method of assessing the tax. The 1945 act referred to by the State has no application to the present case, it being passed after the proceedings before us were begun.

It is our conclusion therefore that a tax on a legacy means just what it purports to mean, a tax on what a legatee receives, be he a special or residuary legatee. It cannot mean a tax on gross value; it can mean only a tax on net value as applied to the residuum.

In *Re Bowlin,* 189 Minn. 196; *In Re Ferguson,* 113 Wash. 598 and *In Re Henry's Estate,* 189 Wash. 510, lay down the correct rule. We particularly commend *In Re Ferguson,* a very exhaustive opinion which reviews extensively cases of other states bearing on the subject. It is held in these cases that where either real estate or personal property has been sold for less than its appraised value, the loss is deductible and is properly charged off as expenses of administration. The *Bowlin* case specifically refers to the sale of personal property, and the situation there is comparable to the situation in the instant case.

Speaking of value at the date of death, P. L., *c.* 72, *s.* 33 says:

"Such value shall be determined by the state treasurer . . . and such determination shall be final unless the value so determined shall be reduced by proceedings as herein provided." In addition to provisions in subsequent sections for the appointment of appraisers by any party interested, the acceptance of the return by the probate court, allowance of fees for the appraisers and executors, and for payment of debts and expenses of administration, "reduced by proceedings as herein provided" can mean also a situation as we are presently confronted with here; to wit, loss entailed by reason of sale of assets found in the estate and required to be sold in the process of administration.

We think the better method to be adopted is to charge the loss as an expense of administration. When this is done the residuum of the estate is determined and the amount available for taxation is fixed. It being agreed that when this is done the plaintiff executor is entitled to the refund stipulated in the agreed statement of facts, the order is,

*Judgment for plaintiff for $6,817.19.*

MARBLE, C. J., was absent: the others concurred.