*In re* ESTATE OF MIRIAM FUERSTENBERG—(The People of the State of Illinois, Plaintiff-Appellee, *v.* Ronald A. Landsman, Ex'r of the Estate of Miriam Fuerstenberg, Defendant-Appellant).

First District (5th Division)    No. 82—1915

Opinion filed June 24, 1983.

Edward J. Egan, Ltd., of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Edward C. Hurley, Assistant Attorney General, of counsel), for the People.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from a judgment of the trial court overruling the executor's objections to the amount of Illinois inheritance tax assessed by the State and affirming assessment thereof. The sole issue on appeal is the propriety of that assessment.

On July 31, 1980, the last will of Miriam Fuerstenberg (decedent) was admitted to probate. It contained, in relevant part, $20,000 bequests to a sister and each of 20 descendants of other brothers and sisters, who were also the decedent's heirs at law, and a residuary clause directing that the balance of the estate be distributed in equal shares to her niece Hannah Gordon, her accountant Ronald A. Landsman, and her attorney Edward L. S. Arkema. Two separate actions were filed challenging that will. Gordon sought to set aside the residuary bequests to Landsman and Arkema, alleging undue influence, and several of the heirs named in the will asked that the entire will be set aside on the ground that the decedent lacked testamentary capacity.

The parties to these actions reached a settlement agreement which is reflected in an order of the trial court entered May 26, 1981. Four pending actions were dismissed with prejudice,[1] $50,000 of the residue was to be distributed among the complaining heirs in addition to the bequests contained in the will, and the residuary estate was redistributed in the following manner: 60% to Gordon, 22½% to Landsman, and 17½% to Arkema. The executor then filed an Illinois inheritance tax return in which the tax owed was calculated as $240,763.60, based on the terms of the foregoing order. The Attorney General, however, assessed $297,785.52 in taxes, calculated according to the distribution of assets under the will.[2] The executor's objections to the assessment were overruled, and his appeal brought pursuant to sec-

---

[1]Gordon had filed two additional actions challenging a 1975 trust agreement executed by the decedent. These actions were also dismissed pursuant to the agreement of the parties.

[2]Under the terms of the will, a larger share of the estate is inherited by Landsman and Arkema, who are unrelated to the decedent, resulting in lower exemptions and a higher rate of taxation than if the taxes were based on the interests reflected in the settlement agreement.

tion 11 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1981, ch. 120, par. 385), originally filed as a post-trial motion, was denied. This appeal followed.

Opinion

■ The executor, although critical thereof, does not challenge here the long established principle that inheritance tax is assessed in accordance with the terms of the will rather than the terms of any subsequent settlement agreement.[3] (See, *e.g., In re Estate of Graves* (1909), 242 Ill. 212, 89 N.E. 978; *In re Estate of Monroe* (1982), 105 Ill. App. 3d 1114, 435 N.E.2d 709.) Instead, he argues that the cases so holding are inapposite because the will contests leading to the settlements therein were brought by parties not mentioned in the will; whereas here, the contest was initiated by named beneficiaries. He asserts that the controlling case here is *People v. Flanagin* (1928), 331 Ill. 203, 162 N.E. 848, wherein the supreme court held that upon renunciation of an interest under a will, the inheritance tax is to be assessed in accordance with the interests established by the will as they stand after renunciation.

■ It is apparently the executor's position that what occurred here was not a settlement agreement but a partial renunciation of the residuary bequest by Landsman and Arkema. The redistribution here cannot be both, for a settlement agreement and a renunciation are mutually exclusive. The rationale for taxing without regard to the provisions of a settlement agreement is that the tax accrues when the property vests; that is, on the death of the decedent, and subsequent transfers of that property cannot affect the tax. (*In re Estate of Monroe.*) In contrast, a renunciation is not considered a transfer; rather, the devise or bequest simply fails to vest because there is no transferee, and the estate remains as if the gift provision had never been executed. (*People v. Flanagin.*) This distinction is the sole reason for the different tax treatment accorded settlement agreements and renunciations, and leads us to conclude that the redistribution here cannot be both. Our view that they are mutually exclusive is further supported by section 2—7(f) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 2—7(f)), which provides that when a beneficiary transfers an interest, he is barred from renouncing it.

■ The State contends that the above theory was not raised in

---

[3] Such a challenge would be fruitless since we are bound by the decisions of the supreme court. *Vinke v. Artim Transportation System, Inc.* (1980), 87 Ill. App. 3d 400, 408 N.E.2d 1112.

the court below and therefore should not be considered on appeal. The executor maintains that the issue before the trial court was the propriety of the tax assessment and that, "liberally construed," his pleadings raised the issue of renunciation. However, we have searched the record in vain for some mention of this argument. What we find instead is that the executor argued before the trial court that *Graves* and the cases following it are inapplicable because no will contests were actually filed therein, only threatened; whereas here, there was actual litigation pending. Therefore, he asserted, the redistribution was imposed by judgment rather than by agreement, and the tax should be based on the beneficial interests actually received under that judgment. The executor has abandoned that argument here and insists instead that the judgment reflects a renunciation rather than an agreement. This is clearly a different argument, and as we have repeatedly cautioned appellants, the executor here may not present one theory before the trial court then seek review based on a new question not argued below. (See, *e.g., Marynczak v. D & L Transport Co.* (1981), 94 Ill. App. 3d 381, 418 N.E.2d 972; *Frisch Contracting Service Corp. v. Northern Illinois Gas Co.* (1981), 93 Ill. App. 3d 799, 417 N.E.2d 1070.) New theories presented for the first time on review will not be considered.

■ Furthermore, even assuming *arguendo* that this argument is properly before us, we believe that the executor's position is without merit. The executor does not cite, nor has our own research discovered, any basis for the distinction which he asserts makes *Graves* inapplicable here. The cases make clear that "[n]o changes of title, transfers or agreements of those who succeed to an estate, *either among themselves or with strangers*, can affect the [inheritance] tax, and all questions concerning the tax must be determined as of the date of [the decedent's death]." (Emphasis added.) (*People v. Upson* (1930), 338 Ill. 145, 151, 170 N.E. 276, 279.) It is immaterial, then, whether the contest is initiated by a beneficiary under the will or one who is a stranger thereto. For example, in *People v. Union Trust Co.* (1912), 255 Ill. 168, 99 N.E. 377, *appeal dismissed* (1914), 234 U.S. 748, 58 L. Ed. 1575, 34 S. Ct. 673, a will contest was initiated by a beneficiary under the will, as in the instant case. A settlement agreement was reached, and the court held that the amount of inheritance tax was to be calculated according to the interests reflected in the will, noting that "[i]f, in order to avoid litigation, the legatees, contestants and others in interest under a will compromise their claims, the concessions made, while binding upon the parties, take effect under the agreement, and are not a modification of the will or the rights

under it." (255 Ill. 168, 182, 99 N.E. 377, 383.) Similarly, here, the redistributions established in the agreement took effect thereunder and did not serve to modify the will.

■■ It is also our view that the redistribution of assets here was not the result of a partial renunciation. Initially, we note that the parties did not comply with the statutorily required form of renunciation. (Ill. Rev. Stat. 1981, ch. 110½, par. 2—7.) In addition, if this were a renunciation, the interest renounced would pass to others in accordance with the will or by intestate succession, but not by direction of the renouncing party. (See Ill. Rev. Stat. 1981, ch. 110½, par. 2—7(e); *People v. Flanagin*.) Here, $50,000 of the residuary estate is to be distributed to four of the heirs who challenged the will, a provision which is neither contained in the will nor mandated by the laws of intestate succession. Therefore, it could only be accomplished by transfer from Landsman and Arkema, which is, as noted above, inconsistent with a renunciation. Because the interests in question must be transferred, the judgment order reflects a settlement agreement rather than a renunciation.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

WILSON, P.J., and LORENZ, J., concur.