ESTATE OF HERMAN SCHWEBEL, Deceased, Appellee, v. THE STATE OF ILLINOIS, Appellant.

Fifth District   No. 5—88—0620

Opinion filed September 12, 1990.—Rehearing denied October 30, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellant.

A.J. Nester, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The State appeals from the judgment of the circuit court affirming the assessment of inheritance tax based upon the amended inheritance tax return filed by the administrator of the estate of Herman Schwebel (the administrator). We reverse and remand.

Herman Schwebel died on November 9, 1980. The executor of Schwebel's estate filed a petition to probate the will which Schwebel executed on September 19, 1980. The executor also filed an inheritance tax return, in which the executor valued the total net estate at $1,229,535.30. Included within the estate were various parcels of real property valued at $1,200,355. A petition was subsequently filed by certain heirs of Schwebel challenging the validity of the 1980 will based on the existence of joint and mutual wills executed by Herman Schwebel and his brother, Ralph Schwebel, in 1960. Due to the litigation regarding the validity of the will, the parties agreed to continue the inheritance tax proceedings pending resolution of the litigation. The 1980 will was later held to be ineffective and that ruling was affirmed by this court. (*In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500.) The court appointed an administrator who subsequently obtained a reappraisal of the real property within the estate and sold much of the real estate to pay expenses, which included repaying a large loan used to pay Federal estate taxes.

On September 18, 1987, the administrator filed an amended inheritance tax return in which the real property of the estate was valued

at $643,000. Based on the reduction in value of the real property in the estate, the administrator computed the grand net value of the estate after deductions at $486,416.14. As stated earlier, in the original tax return the real property was valued at $1,200,355.

Among the deductions listed on the amended return was a deduction for Federal estate tax. The value assigned to the estate in the amended return for purposes of computing the Federal estate tax was $1,538,881.91. The value of the estate for Federal tax purposes was listed in the original inheritance tax return as $1,420,858.29.

On November 30, 1987, the State filed its objection to the amended inheritance tax return, asserting that the proper valuation of the real property in the estate was the value as of the date of death of the decedent. On February 10, 1988, the circuit court entered an order assessing inheritance tax on the estate based on the values set forth in the amended inheritance tax return. On April 11, 1988, the State appealed the circuit court's order to the circuit court pursuant to section 11 of the Illinois Inheritance and Transfer Tax Law. (Ill. Rev. Stat. 1979, ch. 120, par. 385 (repealed by Pub. Act 82—1021, eff. July 1, 1983); Pub. Act 86—737, eff. January 1, 1990.) The State again argued that the value placed on the real property in the amended tax return was improper because it was not based on the value of the property at the decedent's death. The State also objected to the deduction for Federal estate tax because a copy of the Federal estate tax return was not attached to the amended inheritance tax return. Following a hearing on September 19, 1989, the circuit court affirmed its prior order and dismissed the State's appeal. On appeal to this court, the State renews its arguments made in the circuit court that the value placed on the real property in the amended return is improper and that the amended return is insufficient because it does not include a copy of the Federal estate tax return.

More than 80 years ago our supreme court stated:

"The [inheritance] tax is not upon the estate of the decedent but upon the right of succession, and it accrues at the same time the estate vests,—that is, upon the death of the decedent. Questions may arise as to the persons in whom the title vests, and such questions may affect the amount of the tax and the person whose estate shall be chargeable with it; *but when those questions are finally determined their determination relates to the time of the decedent's death.* No changes of title, transfers or agreements of those who succeed to the estate, among themselves or with strangers, can affect the tax. *All questions con-*

*cerning it must be determined as of the date of the decedent's death.*

\*\*\* The statute requires all the property of the estate to be appraised at its fair market value. The value of the estate which passes is the value so ascertained less the indebtedness of the decedent and the expenses of administration. Whatever litigation may occur between those who succeed to the estate as to their respective rights, or between different claimants of interests, cannot affect such value. The fair market value so ascertained is the basis upon which the amount of the tax must be fixed. Unjust claims may be made against those succeeding to the estate and they may be put to great expense in defending their property, but the value of the property or of their respective interests in the property is not thereby affected." (Emphasis added.) (*In re Estate of Graves* (1909), 242 Ill. 212, 216-17, 89 N.E. 978, 979.)

The principles enunciated in *Graves* have often been echoed in subsequent cases. (See *Hanberg v. Morgan* (1914), 263 Ill. 616, 622, 105 N.E. 720, 722; *People v. Flanagin* (1928), 331 Ill. 203, 209-10, 162 N.E. 848, 850; *People v. Upson* (1930), 338 Ill. 145, 150-51, 170 N.E. 276, 279; *In re Estate of Monroe* (1982), 105 Ill. App. 3d 1114, 1116, 435 N.E.2d 709, 711.) The administrator does not appear to dispute that the proper basis for valuation of the decedent's estate is market value at time of death, but contends that the diminution in value of the real property which occurred between the filing of the initial tax return and the amended return should be allowed as an expense of administration, citing *Caskey v. New Hampshire* (1945), 93 N.H. 438, 43 A.2d 768. We find this argument unpersuasive for two reasons. First, the diminution in market value is not listed on the amended tax return as an expense of administration and there is nothing in the record to indicate that the administrator presented this argument to the circuit court. New theories not presented to the trial court will not be considered on review. (*In re Estate of Fuerstenberg* (1983), 116 Ill. App. 3d 11, 14, 452 N.E.2d 15, 18.) Second, if we were to allow the diminution in market value as an expense of administration, the effect of such a ruling would be that the value of a decedent's estate is no longer determined at the date of death, but would instead be determined when the estate is closed. We decline the administrator's invitation to disturb the well-settled law of this State.

■ The administrator further contends that the circuit court's order affirming the valuation of the estate based on the amended tax return and dismissing the State's appeal should be affirmed because

the State failed to present any evidence at the September 19, 1988, hearing. We disagree. The record shows that when the State filed its appeal in the circuit court, it attached as documentary evidence both the original inheritance tax return and the amended return. The original return showed the value of the estate of Herman Schwebel at the date of his death, and the amended return shows on its face that the valuations of the real property which were used to compute the amended value of the estate were based on appraisals and sales of those properties which occurred long after the date of Schwebel's death. The State thus submitted sufficient evidence to establish both the value of Schwebel's estate at the date of his death and the fact that the amended return was based upon a valuation of the estate approximately five years after the date of Schwebel's death. The State's appeal also contains written arguments which address the same issues now presented to this court. The circuit court's order stated that it "considered the matters contained in the appeal by the Attorney General" and we find that the State presented sufficient evidence to sustain its position.

■ With regard to the State's second contention, that the estate failed to file a copy of its Federal estate tax return, the administrator acknowledges that submission of the Federal return is required, but contends that "nowhere in the record is there evidence that a copy of the Federal Estate Tax Return was not provided to the Attorney General." We have reviewed the voluminous record in this case, and it contains no copy of the Federal estate tax return. On remand, if the circuit court finds that the administrator has not filed a copy of the Federal return with the Attorney General, it will order him to do so.

For the above-stated reasons, we reverse the order of the circuit court and remand for further proceedings consistent with this order.

Reversed and remanded.

LEWIS, P.J., and RARICK, J., concur.